Ruffin, 0. J.
 

 The execution is restricted to the question of evidence; and that, therefore, is the only point in the case. The Court think his Honor’s decision on it right. The object of the evidence seems to have been to show, that, as a member of the Society mentioned, the defendant was bound to give the information he did to the two witnesses, and thence to insist, that the communications were privileged. But the evidence was either unnecessary or insufficient to establish such a privilege; and in either case it was not erroneous to exclude it. For, if by the general law of the land applicable to the relation existing between those several persons, the de
 
 *58
 
 fendant was privileged to accuse the plaintiff to his brother members, he could have the full benefit of the defence, independent of the supposed regulations of the society. If however, those regulations were material to the question, it seems plain that they would not have been established by the evidence rejected. The defendant had the full benefit of such as had been adopted by the society. One of them was directly applicable to this subject, and required the members to make known to the society, at its meetings, offences committed by their fellow members, for the legitimate purpose of having them enquired into and punished according to the rules. The defendant, however, insisted further, not that there was any other law of the order on the subject, but that there were certain usages and principles, supposed to be treasured up in the bosoms of its several members, that made it a moral duty of the defendant to make those eharges on the plaintiff. It seems to the Court, that such evidence is altogether too vague and unsatisfactory to authorize the finding from it any regulation of the society. The origin and antiquity of the society are not stated, and we must suppose that it has lately sprung up, and has expressly adopted such bye-laws as were decreed necessary for their government in addition to the duties imposed by the law of the Country. It is idle to talk of a common or traditional law, applicable to a matter like this and peculiar to this Lodge ; and it is obvious that the attempt was to get from, the witness his opinion of the moral duty of the defendant under
 
 the
 
 circumstances, instead of
 
 stating
 
 what the law of the society, as adopted and recorded, required of the .defendant as a member of the association. Such evidence could have no legitimate effect on the minds of the jury, but might mislead, and therefore was properly rejected.
 

 Upon the trial the defendant attacked the general character of the plaintiff, and to that point examined nine
 
 *59
 
 witnesses. In opposition thereto, and in support of his character, the plaintiff examined about thirty witnesses. After the verdict the defendant moved, that in taxing the costs only two of those witnesses should be allowed to the plaintiff. But the presiding Judge thought they were necessary or proper to the plaintiff’s case under the circumstances, and refused the motion. The Court holds, that the Act of 1783, which provides that the party cast shall be obliged to pay for more than two witnesses to prove'a single fact,'is not to be construed so strictly as not to allow of more than two witnesses in any case, or always to tax the party summoning them with all but two. The general purpose of the statute is to give to the gaining partj- all such costs as are necessarily or reasonably incurred by him, but not to put it in his power to oppress the other party by wantonly accu» initiating costs. Commonly two witnesses to any one fact are sufficient to establish it. But others may become necessary and almost indispensable, in- order to counteract the testimony of witnesses offered on the other side ; and in such a case the losing party is not necessarily exonerated from the payment of such additional witnesses, but may be taxed with them.
 
 Hoyle
 
 v.
 
 Cowan,
 
 3 Hay. 22. That is peculiarly applicable to a case like the present, where the point involved was the general character of the party, (which cannot strictly be called a single fact) and it was necessary to counteract many witnesses, adduced on the opposite side. Upon such a question much must depend upon the number and respectability of the witnesses and their opportunities of knowing the party: and therefore it is a very proper case for the exercise of a discretion of the Judge presiding at the trial. In the present casé this Court must take it for granted, that his Honor deemed the witnesses useful and proper, and that they were truly called for the purposes of justice and not to oppress the defendant; and under those circumstances the Court cannot interfere with his decision.
 

 Per Curiam. . Judgment affirmed-.