LOVINIER, Exec'r., &c. *v.* PEARCE, Guardian *ad litem et al.*

Commissioner,—apply the scale to receipts and disbursements, at the dates, respectively.

3. " Because the Commissioner does not state fully the evidence on which his report is made." The Commissioner reports, that the evidence upon which he stated the account " was the reports of the defendant as guardian to the Court, one voucher for defendant, (which is allowed) and defendant's affidavit " So the report does set out the evidence.

The other clause of the exception, to-wit: " The report ought to state the facts and circumstances of the guardianship assumed during the war " is so indefinite and general as to be beyond the reach of judicial investigation.

We see no error in the ruling of his Honor, by which the exceptions are overruled, the report enforced and judgment accordingly. Let this be certified.

PER CURIAM.                         Judgment affirmed.

JOHN C. LOVINIER, Exec'r., &c.. *v.* W. H. PEARCE, Guard'n. *ad litem* and others.

In a proceeding to subject real estate to sale for assets, after a report of the sale is returned and confirmed, the Judge of Probate, upon proper cause shown, has the right to set the sale aside, and order a resale of the property.

And although the exercise of this right is discretionary with the Judge of Probate, still it is such a matter of legal discretion, involving a "matter of law or legal inference," that an appeal will lie from his decision.

There are *questions* of fact, as distinguished from *issues* of fact which the Probate Judge in cases before him, and the District Judge in cases before him, may decide without a jury. And in a motion made to set aside a sale, it is not necessary for the Judge in case of appeal, to send to the appellate Court a separate statement of the facts upon

which his decision rests when the affidavits and counter-affidavits for and against the motion accompanies the case.

(*Thompson* v. *Cox*, 8 Jones, 314; *Wescott* v. *Hulett*, 67 N. C. Rep. 192; *Klutts* v. *McKenzie*, 65 N. C. Rep. 102, cited and approved.)

Civil action, (motion to set aside a sale and re open biddings.) heard before *Clarke, J.*, at Chambers, in Craven county, on the 13th day of April, 1873.

The plaintiff filed his petition before the Judge of Probate, to sell real estate for assets. From a decision of his, refusing to set aside the sale, an appeal was taken to the Judge of the District, at Chambers. From his decision, setting aside the sale, the plaintiff appealed to the Supreme Court. The facts are fully stated in the opinion of the Court.

*Haughton*, with whom was *Battle & Son*, for appellant, objects: That in this case, the Judge does not find the facts, as is required by the Code of Civil Procedure, secs. 110, 113, 115.

The Judge set forth upon the record his decision in writing, and from that the appeal is taken. *Clegg* v. *N. Y. White Soap Stone Company*, 66 N. C. Rep., 390; *Powell* v. *Weith*, *ibid*, 424.

This Court will not try questions of fact, 67 N. C. Rep., 455.

After confirming the report, the jurisdiction of the Probate Court was at an end. *Wescott* v. *Hulett*, 67 N. C. Rep., 192; *Thompson* v. *Cox*, 8 Jones, 314.

A Court of Equity would not open biddings except under peculiar circumstances. *Ashbee and others* v. *Crowell and others*. Busb. Eq., 138.

If the sale is set aside, the parties must be put in *statu quo*. Adams Eq., 173. This cannot be done on motion, but must be done by bill or petition. *Tate* v. *Powell*, 64 N. C. Rep., 647; *Evans* v. *Singeltary*, 63 N. C. Rep. 206.

*Green and Stephenson*, contra.

LOVINIER, Exec'r., &c. *v.* PEARCE, Guardian *ad litem et al.*

READE, J. The plaintiff, as executor, instituted proceedings in the Probate Court, for license to sell the real estate of his testator, to pay debts. A sale was ordered and made by the plaintiff, and the land was bid off by one Long. The plaintiff reported a fair sale, for a full price, and money paid. And thereupon the Probate Court confirmed the sale, and ordered the title to be made; and title was made to said Long, who immediately re-conveyed to the plaintiff. It was also ordered that the cause be retained, and that the executor, after paying the debts, should pay the surplus into Court for the benefit of the devisees.

Subsequently the defendant, Pearce, guardian of the defendants who are interested in the lands, filed an affidavit in the cause, setting forth that said Long bid off the land for and at the request of the plaintiff, and paid nothing for it, and re-conveyed it to the plaintiff, and that the debts of the estate had not been paid; and that the plaintiff was insolvent. And moved that the order of sale, and the order confirming the sale, be set aside and a re-sale ordered.

The plaintiff files a counter affidavit, in which he admits, that fearing the land would not sell for its value, he acquainted Long with the value, and through his representation, Long was induced to bid off the land; and then he bought it from Long. He does not pretend that Long ever paid a dollar of the price, or even that he himself had accounted for the price and paid it to the debts of the estate. And he does not deny the allegation of the defendants, that the debts of the estate, to pay which the land was sold, have not been paid; and that he is insolvent. In his report of the sale to the Probate Judge, he had said, that instead of giving bond for the price, Long had paid the cash.

In his counter affidavit he does not pretend that Long either complied with the terms of the sale by giving bond, or that he had paid the cash. This, according to his own showing, was a fraud upon the Court.

Upon this showing, it was clearly the duty of the Probate

Judge to set aside the sale. And this he says he would have done if he had been satisfied " beyond a doubt " of two things : first, that there was " collusion " between the plaintiff and Long ; and, secondly, that the land did not sell for a fair price.

What idea the Probate Judge had of " collusion," and what amount of evidence would have satisfied him " beyond a doubt," is not clearly seen. The sale was a sham, not a dollar was paid, or secured to be paid, and the report of the sale was false, and the debts for which the land was sold have not been paid. By whatever name this may be called, it is certainly not such a transaction as can have the sanction of the Courts. The Probate Judge puts his refusal to vacate the order of sale upon the ground that the land sold for a fair price ; and, therefore, the defendant's interests had not suffered. The answer is, that it did not sell for anything at all. The sum bid may have been its value, but nothing was paid. And a further answer is, that when a fraud appears, a party against whom it is practiced has the right to be relieved against it, and he is not put to show " beyond a doubt," that he will be injured. And where a Court has been used as the instrument to perpetrate a fraud, the Court owes it to the administration of justice to set the matter right.

Upon the refusal of the Probate Judge to set aside the sale, the defendants appealed to the District Judge. His Honor reviewed the decision, and set aside the sale. And from the decision of his Honor the plaintiff appealed to this Court.

1. The first point made for the plaintiff is, that taking the fraud to be as alleged, the remedy is by civil action, and not by a motion in the cause, as this is. This point is made upon the supposition, that upon the confirmation of the sale, the cause is ended ; and the Probate Judge had no further power over it. It is likened to a similar proceeding in the old County Court, to make real estate assets in the hands of an administrator or executor. And several cases were cited by plaintiff to show that after the sale the County Court had no further power ; and that a remedy for any fraud, &c., must be sought in a

court of equity. *Thompson* v. *Cox*, 8 Jones 314; *Prescott* v. *Hulet*, 67 N. C. R., 192.

The answer is, that we are now in a court of equity, as well as law. And a further answer is, that the order in this cause confirming the sale expressly retains the cause, and directs the plaintiff to pay the excess of the proceeds of sale after paying the debts, into Court, to be distributed among the defendants. And how can that excess be known until a fair sale is had? And a further answer is that C. C. P., sec. 422, sub-section 9, authorizes a Judge of Probate "to open, vacate, modify, set aside, or enter as of a former time, decrees or orders of his Court in the same manner as courts of general jurisdiction."

2. The second point made for the plaintiff is, that it was a matter of *discretion* with the Probate Judge whether he would set aside the sale; and that from his discretion there was no appeal.

True, it is a matter of discretion; but then the discretion is not willful or arbitrary, but legal. And although its exercise be not purely a matter of law, yet it " *involves* a matter of law or legal inference," in the language of the Code, and an appeal will lie.

3. The third point made by the plaintiff is, that we must overrule his Honor because he does not find the facts upon which his opinion is founded.

When an *issue* of fact is made before a Probate Judge, the Code, sec. 490, requires that it shall be *transferred* to the Superior Court in time for trial. And then, of course, the trial must be by jury, if either party require it. But there are *questions* of fact, as distinguished from *issues* of fact, which the Probate Judge, in cases before him, and the District Judge, in cases before him, may decide without a jury. As in cases involving complicated accounts where the mode of trial under C. C. P., is by reference and report and exceptions. *Klutts* v. *McKenzie*, 65 N. C. Rep., 102. And so in a case like the present, where a motion is made to vacate an order made in *any* Court, the Court must of necessity hear the facts upon

which the motion is founded, and the parties are not entitled, as a matter of right, to make an issue of fact and demand a jury trial; although it may be that cases may arise in which the Court will order an issue to be tried by the jury to aid the Court. In this case before us, the facts appeared before the Judge of Probate in the affidavits of the parties; and although they do not agree in all particulars, yet in the materials they do. So that, in what is alleged by the defendant and not denied by the plaintiff, and in what is admitted by the plaintiff, we have the state of facts herein before set forth. These facts were sent up by the Probate Judge to the District Judge and by his Honor to us. It is true that his Honor does not make out a separate statement of the facts, as usually it is *best*, and as in cases where the facts are complicated or the testimony contradictory it is *necessary* for him to do, yet the facts do distinctly appear.

To show how the facts ought to have been made out, and the case made up, the plaintiff's brief refers to C. C. P., sec. 110. But that never has been applicable to an appeal from a *Probate Judge;* but only to an appeal from the *clerk* to the Judge, in matters of pleading and practice in civil actions, when they were returnable before the clerk. But it is not applicable to *any* case now; as civil actions are now returnable in term time before the Judge himself.

There is no error. This will be certified to the end that the Court below may proceed according to law.

Per Curiam.                              Judgment affirmed.