W. D. McMILLAN et al v. H. J. McMILLAN et al.

(Decided December 20, 1898.)

*Partition—Questions of Fact—Practice—Appeal.*

1. Exceptions to report of Commissioners making partition of land, supported by affidavits of inequality in the division; upon which is based a motion before the Clerk for a re-division—do not raise *issues* of fact for trial by jury, but *questions* of fact determinable by the Court.

2. An order of the Clerk, in such case, setting aside the report and directing a re-division is appealable to the Judge, and if no error in law is committed, the decision of the Judge cannot be reversed.

SPECIAL PROCEEDING for partition of real estate before the Clerk of Superior Court of Pender County. Commissioners were appointed to divide the land and allot to the tenants in common their respective shares. To the report of the Commissioners the defendants file exceptions, and move, upon affidavits, to have the division set aside for inequality in value of the shares.

Motion allowed by the Clerk, and a new division ordered—from which order the plaintiffs, who had also filed affidavits, appealed to the Judge at term. By consent the case was heard by *Robinson, J.,* at Chambers in Goldsboro on 23d December, 1897.

The defendants raised the following objections:

1. That the affidavits raised an issue of fact, as to whether the division is fair and equal, which should be tried by a jury and not by the Judge.

2. That the decree of the Clerk, setting aside the report, did not affect the substantial right, and therefore was not appealable, as the same was a matter of discretion.

3. That the report should be set aside because the

123—37

McMILLAN *v.* McMILLAN.

Commissioners required co-tenants to open and keep open a lane.

His Honor overruled the objections and proceeded to hear the cause.    Defendants excepted.

After hearing the evidence and arguments of counsel on both sides, his Honor adjudged and decreed, that the order of the Clerk be set aside and that the report of the said Commissioners be in all things confirmed—and that the parties hereto hold the said shares as allotted to them by the said Commissioners in severalty—that their report be enrolled in the office of the Clerk of the Superior Court of Pender County and also registered in said county ; and that the costs be paid equally by the parties.

To the judgment of his Honor the defendants except, and asssign as error :

1. The decision of the court, that the affidavits did not raise an issue of fact for a jury.

2. That the order of the Clerk did not affect a substantial right, and was appealable.

3. That the report of Commissioners should stand as made.

Appeal by defendants.

*Mr. J. D. Bellamy,* for defendants (appellants).
*Messrs. E. K. Bryan* and *Junius Davis,* for plaintiffs.

MONTGOMERY, J.: The commissioners who were appointed in the special proceeding to make partition of the lands described in the petition made their report in due form of law.    That report upon its face is regular in all respects and apparently bears no mark either of irregularity or injustice.    Exceptions were filed to it by the defendants Atkinsons—based upon inequality of

partition, and nothing more. Affidavits on that matter were introduced before the Clerk by both the plaintiffs and the defendants. On the hearing of the affidavits, that officer set aside the report of the commissioners and ordered a re-division of the lands. From that order, the plaintiffs appealed to the Judge of the district. The matter was heard by his Honor upon consideration of the evidence (affidavits) and argument of counsel, and he set aside the order of the Clerk, confirmed the report of the commissioners and ordered the enrollment and registration of his decree. There was an appeal from the order of the judge by the defendants, Atkinsons ; and the assignments of error were : "1. The decision of the court that the affidavits did not raise an issue of fact for the jury. 2. That the order of the Clerk did not affect a substantial right and was appealable. 3. That the report of the commissioners should stand as made."

The question whether or not a report of commissioners appointed to make partition of lands where the exceptions are in the nature of allegations of inequality of partition, simply without a further charge of omission of some matter of importance in the action of the commissioners, or of fraud or collusion on their part is not before us, and hence that matter need not be considered.

This case is to be treated as if matters had been raised in the affidavits and exceptions which would warrant the Clerk and the Judge in considering the evidence. The first contention of the defendants, that is that the matters stated in the affidavits raised issues of fact for the jury and that the Judge had no power to find the answer to these issues, cannot be sustained. It is true that where an issue of fact is made in the Superior Court before the Clerk that issue must be transferred to

the Superior Court, at term time, for trial; and, there, must be tried by a jury unless that right is waived. But in *Lovinier* v. *Pierce*, 70 N. C., 167, the court pointed out that there were *questions* of fact as distinguished from *issues* of fact.   The court there said, "And so in a case like the present one where a motion is made to vacate an order made in *any* court, the court must of necessity hear the fact upon which the motion is founded, and the parties are not entitled as a matter of right to make an issue of fact and demand a jury trial."   But does the motion made before the Clerk in this case to set aside the report of the commissioners stand on the same footing as a motion made in a cause to vacate an order of the court already made?   It seems to have been so decided in the case of *Simmons* v. *Foscue,* 81 N. C., 64.   That was a case in which the commissioners appointed to divide the lands had made their report and the defendant filed exceptions thereto.   The affidavits were considered by the Judge and a decree made by him upon their consideration.   In that case this Court said, "But of the force and effect of the evidence in inducing the exercise of that reasonable discretion reposed by law in the Judge when called on to confirm the action of the commissioners, he alone must determine, and if no error in law is committed we cannot reverse his decision."

The second contention of the defendants is that the order of the Clerk setting aside the report of the commissioners did not affect any substantial right of the plaintiffs, and therefore was a matter of discretion with the Clerk and is not appealable.   It is true that in *Lovinier* v. *Pierce, supra,* it was held that the matter of the refusal of the probate Judge to set aside the report of the commissioner was one of discretion but the court

said "The discretion is not wilful or arbitrary, but legal." The exercise of the discretion of the Clerk in the case before us was not purely a matter of law, yet it was one of legal inference and under *The Code* was appealable. *Code*, Sec. 252.

But the defendants further contend under their second exception, that even if the order of the clerk was appealable, yet, the appeal was premature and fragmentary. Fragmentary appeals will not be allowed, as has been often decided by this Court; but it seems to us that in no proper sense can this appeal be called fragmentary. When it was taken, there was but a single question involved, and that was whether or not the lands had been properly divided by the commissioners among the tenants in common. If any other question was ever involved it was out of the way, either by the admissions in the pleadings or by the terms of the decree from which there had been no appeal. The only thing involved in the case is before us on the appeal. The second exception in neither of its aspects can be sustained.

The third exception cannot be sustained for the reasons already given in this opinion. The Judge properly had the matter before him, there is no error in law apparent upon his ruling, and the evidence upon which he found his facts we will not review. There is

No error.