B. C. BECWITH, R. B. BECKWITH, SUE W. BECKWITH, J. W. THACKSTON and wife ANNIE B. THACKSTON, and E. W. POU and JAMES H. POU, *ex parte.*

(Decided March 7, 1899).

*Practice—Questions of Fact—Costs—Witnesses under Section 1370 of The Code.*

1. In an *ex parte* proceeding for partition, an appeal by some of the parties from the decision of the Clerk upon the report of commissioners, alleging inequality and unfairness in the allotment —involves questions of fact, properly determinable by the Judge, under section 255 of The Code.

2. Where at the instance of some of the parties, without opposition from the rest, an issue as to the value of the respective shares was submitted to the jury, who sustained the report and the decision of the Clerk upon the exceptions thereto—it was properly adjudged that the exceptants should pay the costs of the trial of the issue.

3. On motion by exceptants to retax the bill of costs so as not to include more than two witnesses as to value: *Held,* that the issue submitted was a complex one, involving the investigation of a multiplicity of single facts, material to be ascertained, and to establish each of which two witnesses were allowable under section 1370 of The Code.

BECKWITH, *Ex parte.*

MOTION to retax Bill of Costs in a Special Proceeding, *ex parte,* for partition of land, made before *Bryan, J.,* at November Term, 1898, of JOHNSTON Superior Court.

At the previous term of the Court, upon exceptions filed by some of the parties to the report of the Commissioners and the confirmation thereof, at the instance of the exceptants, unobjected by the others, Judge Timberlake had submitted to the jury an issue as to the value of the land allotted, and the verdict sustained the report; and judgment was rendered against the exceptants for the costs of the issue, to be taxed by the Clerk.

The Clerk taxed the attendance of all the witnesses sworn, and examined or tendered, by the appellees relative to each tract, the timber, buildings thereon, rental value, etc. The exceptants objected to more than two witnesses being charged against them as to the value of the land, under section 1370 of The Code.

His Honor, Judge Bryan, upon the hearing, adjudged that the witnesses were all material and were properly included in the bill of costs, and disallowed the motion.

The exceptants appealed.

*Mr. B. C. Beckwith,* for appellant.
*Messrs. Simmons, Pou & Ward, contra.*

MONTGOMERY, J. This was a special proceeding, *ex parte,* commenced in the Superior Court of Johnson County for the purpose of having partition made of certain lands among the petitioners, according to their several interests. The exceptions of the appellants to the report of the commissioners for alleged unfairness in the partition and inequality in the shares were not sustained by the Clerk, the report was confirmed and the exceptants appealed from the

Clerk's decision to the Judge of the Superior Court. At the request of the appellants, the other petitioners in the original proceeding making no objection, the Judge ordered the proceeding to be docketed on the trial docket of Johnston Superior Court for the purpose of having ascertained, by the verdict of a jury, whether the share allotted to the appellants was their full share in value of the lands described in the partition. Upon the evidence offered the jury found the question submitted to them in the affirmative, and the Court taxed the appellants with all of the costs arising out of their exceptions to the report of the second set of commissioners. The appellants, at a subsequent term of the Court, made a motion to retax the bill of costs, the Clerk having made it out according to the directions of the Court. The basis of the motion was the allegation that all of the witnesses of the appellees were subpœnæd to give testimony on a single point—the value of the lots of land—and that, therefore, no more than two witnesses could be allowed to prove against the appellants, under section 1370 of The Code. The motion was heard and overruled by the Court, and the bill of costs as made out was approved and confirmed. In the order to that effect it was stated by his Honor that no greater number of witnesses were examined by the appellees than were necessary, and that such of them as were not examined were sworn and tendered to the appellants.

The construction of the proviso of section 1370 of The Code, which is in the following language: *"Provided,* that the party cast shall not be obliged to pay for more than two witnesses to prove a single fact,"* is the matter before us for decision. And, first, it is in place to say that the matter which was carried before the Judge in Chambers, on the appeal from the Clerk, was not such an *issue* of fact as is

124—8

referred to in section 256 of The Code, but was a *question of fact,* and therefore that the verdict of the jury was simply a method of determining a question of fact which the Judge had adopted by an order made at Chambers at the request of the appellants and witout objection on the part of the appellees.

There were no issues of any kind raised by the pleadings, for they were *ex parte,* as we have said, the same relief was demanded, and the matter of the fairness of the partition made by the commissioners was a question of fact, to be in the first instance decided by the Clerk, subject to review by the Judge on appeal from the Clerk, under the first part of section 255 of The Code. *Ledbetter v. Pinner,* 120 N. C., 455.

The matter, then, which was submitted to the jury was of broader scope than the finding by them of a single isolated fact. There were three tracts of land and two town lots, the subject of the partition, and to arrive at the value of the share allotted to the appellants, the value of each tract and lot had to be ascertained upon evidence adduced for that purpose. In such an investigation a multiplicity of single facts might be necessary to be proved, and on the investigation in this matter it appears from the case on appeal that the appellees, in reply to the testimony of the witnesses for the appellants, offered evidence as to each and every tract of land, as to the timber, buildings, rental value and prospective value of the town lots. The evidence under each one of these heads was material matter, to be gone into before, a correct conclusion could be arrived at by the jury as to the value of the appellant's share.

His Honor, having certified in his order overruling the motion to retax the costs that the witnesses examined and those tendered by the appellees were no greater in number

BECKWITH, *Ex parte.*

than were necessary for the purpos of the trial, and the examination appearing from the record to have extended into various matters of single facts, all material to the question at issue, we are of the opinion that under the statute (The Code, section 1370) the appellees ought to be allowed against the appellants as many as two witnesses, introduced to prove each single fact, necessary to give to the jury such information as would enable them intelligently to answer the question submitted to them for their determination. No more than that number appear to have been subpœnæd by the appellees.

Of course the trial Judge will always see to it that such evidence is not introduced for merely cumulative effect and for the oppression of the party cast. It is in his power and always has been in judicial proceedings in this State to see to it that no oppression in the way of excessive cost bills is practiced by successful litigants upon the party cast.

We can find no direct authority in our Reports as applicable to the facts in this case. In connection with the matter, however, the cases of *Wooley v. Robinson,* 52 N. C., 30, and *Holmes v. Johnson,* 33 N. C., 55, may be read with interest as having an indirect hearing.

We feel it necessary to say that we can not commend the course of his Honor in calling in the aid of a jury to decide a question which he, by law, was required to decide himself, and we must think that there were strong reasons which induced him to make such a departure from the usual course of practice, although they do not appear of record.

Affirmed.