EX PARTE GARRETT ET ALS.

(Filed 17 October, 1917.)

**Judicial Sales—Partition—Increased Bid—Statutes—Rights of Purchaser.**

Where the court has sold lands upon petition of tenants in common, and no objection to the price the lands brought, or increase of the bid has been made within the twenty days allowed by the statute (Revisal, sec. 2513), and the purchaser moves promptly for confirmation, an increased bid, made thereafter and subsequent to the purchaser's motion to confirm the sale, does not defeat the purchaser's right to his deed, and his motion should be allowed, as a matter of right, under the express terms of the statute. *Upchurch v. Upchurch,* at this term, cited and applied.

APPEAL by R. S. Jones from *Devin, J.,* at May Term, 1917, of WAKE.

This is a special proceeding for the sale of land for partition.

An order of sale was made, according to the prayer of the petition, on 27 November, 1916, and pursuant thereto the land was sold on 2 January, 1917, when the appellant, Robert S. Jones, was the last and highest bidder, at the sum of $1,200.

The commissioner filed his report of sale on 3 January, 1917, in which he reports, among other things, "That the sale was fair and open and well attended, and he recommends that, unless the bid is raised within twenty days, that the sale be confirmed and title made to the purchaser."

The bid was not raised within the twenty days, nor was any exception filed to the report of the commissioner, and on 24 January, 1917, the purchaser, Robert S. Jones, who was ready, able and willing to comply with his bid, appeared before the clerk and demanded that the sale be confirmed.

Thereafter the commissioner reported that one Lee Richards was offering to raise the bid to $1,500.

The clerk entered judgment confirming the report, upon the ground that the purchaser had the legal right to pay his bid and to receive the title to the land.

The petitioners appealed to the judge of the Superior Court, who reversed the judgment of the clerk, and ordered a resale of the land, and the purchaser appealed to the Supreme Court.

*Peele & Maynard for petitioners.*
*J. C. Little for R. S. Jones, purchaser.*

ALLEN, J. The statute regulating the confirmation of sales in partition proceedings (Rev., sec. 2513) was fully considered, at the last term, in *Upchurch v. Upchurch,* and *Justice Hoke,* speaking for the Court, then said, upon facts presented by this record: "The law was enacted to enable the court to proceed to judgment on the record as it stood, after twenty days, and to shut off all right of exceptions for irregularities, lack of notice or even inequalities as between the parties to the record, and it was never intended to deprive the court of the power to regulate and control a sale by reason of advanced bids made and entered before the purchaser appeared and moved that his bid be accepted and sale confirmed. This right the statute confers upon him, and, under its provisions, he can appear at the end of the twenty days, or after, and if an increased bid has not been made at the time of motion entered, he is entitled to have the same allowed and on the record as it then appears."

The reasons for adopting this construction of the statute are stated in the opinion, and it may be added that parties will be encouraged to buy, and the proceeds of sale increased, if it is known that the highest bidder may have his rights definitely settled within the time fixed by the statute.

It may also be noted that in all special proceedings, except for partition, in which a report is to be filed, the statute (Rev., sec. 723) provides that if no exception is filed to the report within twenty days the court *may* confirm the same, on motion of any party, while in the statute before us, referring to partition, the word used is *shall,* thus indicating a purpose to distinguish between the two, and in one case resting a discretion in the court, and in the other making it obligatory to act.

All the parties to this record are adults, and their attorney, who conducted the sale as commissioner, gave notice that the sale would be confirmed if no advance bid was made within twenty days, and the purchaser moved promptly for confirmation of the report.

If the petitioners had entered into a written contract to sell for $1,200, the court would have compelled performance, in the absence of fraud or mistake, which is not alleged, although some one had offered the increased price of $1,500, and they are in no better condition when they have asked the court to sell for them and the purchaser has complied with the statute under which they sell.

The judgment of the Superior Court is reversed, with directions to enter judgment in accordance with this opinion, the purchaser's rights being determined by the record as it stood when his motion to confirm was made.

Reversed.