MARY C. PERRY, Administratrix, v. FRED C. PERRY.

(Filed 14 April, 1920.)

**1. Judicial Sales—Bidders—Proposed Purchasers—Sales.**

The highest bidder at a judicial sale is only regarded as a proposed purchaser, who acquires no independent right in the land, or the suit, until the sale has been reported to the court and confirmed, in the course and practice of the courts.

**2. Public Sales—Statutes—Lands—Executors and Administrators—Assets —Clerks of Court—Orders—Resales—Appeal—Courts—Jurisdiction —Evidence—Judgment.**

A proceeding to sell lands to make assets to pay the debts of the deceased, Rev., 723, is appealable from the clerk of the Superior Court, and open to revision and such further orders or decrees on the part of the judge as justice and the rights of the parties may require, and to be heard and decided by him on the same or such additional evidence as may aid him to a correct conclusion of the matter. Rev., 610, 611, 612, 613, 614.

**3. Same.**

The fact that the commissioner appointed to sell lands to make assets to pay the debts of a deceased person has sold them several times under resales ordered by the clerk of the Superior Court, and that the clerk has granted the purchaser's motion to confirm the sale after the lapse of more than twenty days from the last sale, without an advanced bid until after the expiration of that time, does not affect the jurisdiction of the judge on appeal to examine into the matter and order another resale upon being satisfied that justice and the rights of the parties require it.

PETITION to sell land to make assets, heard on appeal from clerk, before *Long, J.,* at March Term, 1920, of FORSYTH.

The questions presented and the pertinent facts are very clearly set forth in the case on appeal, as follows:

"This is a special proceedings originating before the clerk of the Superior Court of Forsyth County, upon the petition of Mary C. Perry,

administratrix of W. S. Perry, for the sale of land to make assets to pay debts. This petition deals with several distinct tracts of land, but there is involved in this appeal only tracts 5 and 6 as described in said petition, which tracts were later subdivided into lots and thereafter were and are referred to as lots 16 to 22, inclusive. At the sale J. E. Van Horn was the purchaser of the aforesaid lots, and upon report of said sale to the clerk of the court and upon the application in writing of the said J. E. Van Horn, said sale was confirmed by the clerk of the court on 21 January, 1920. To which order of confirmation the petitioner excepted and appealed to the judge of the Superior Court, in which appeal the guardian of the infant defendant subsequently joined, which appeal was heard before B. F. Long, judge, at Winston-Salem, N. C., on 8 March, 1920, at which time he ordered a resale of the property purchased by the said J. E. Van Horn, and in all other respects affirmed the said order of the clerk.

"Said lots were sold on 23 August, 1919, at which time they brought the sum of $1,516. This sale was reported by the commissioner to the court on 3 September, 1919, with the statement that the price bid was a fair and reasonable one, and the confirmation of the sale was recommended. By a supplemental report of date 15 September, 1919, the commissioner reported that an increased bid had been offered on lots 16, 17, 18, 19, 20, 21, and 22; and a request was made for the resale of those lots as aforesaid. In accordance with the request of the commissioner as aforesaid, a resale of said property was had on 11 October, 1919, when and where J. E. Van Horn was purchaser of the aforesaid lots at the price of $1,872, and this sale was reported to the court on 22 October, 1919, by the commissioner, with the statement that the price bid was fair and reasonable, and she recommended confirmation of the sale. By a supplemental report of date 13 November, 1919, the commissioner called to the attention of the court that there has been offered an increased bid on said lots, as a result of which a resale was ordered, which was had on 29 November, 1919, when and where the aforesaid lots were bid off again by the said J. E. Van Horn at $1,970, and on 4 December, 1919, a report of this sale was made by the commissioner recommending confirmation.

"On 27 December, 1919, the said J. E. Van Horn filed with the clerk of the court a written request that said sale be confirmed, the twenty days required having elapsed.

"On 1 January, 1920, the commissioner filed a supplemental report, setting forth that she had received an increased bid of $30 on said lots, and asked for a resale.

"On 8 January, 1920, the commissioner filed a second supplemental report, reciting that she had received an increased bid of $197, and asked for a resale.

"With the record in this condition, the matter came on before the clerk of the Superior Court, and on 21 January, 1920, he signed an order in which he found facts and overruled the request of the commissioner for a resale and affirmed the sale. The facts found in said order are as follows:

"1. That the indebtedness of the estate amounts to about fifteen thousand ($15,000) dollars, and upon which interest is accruing at the rate of about $75 per month.

"2. That there have been two other sales of this property, the present sale being the third one.

"3. That on 27 December, 1919, J. E. Van Horn, a purchaser at said land sale of certain parts of the property, filed with the court written requests for confirmation of sale.

"4. That on 1 January, 1920, the commissioner filed a report stating that an increased bid had been offered upon certain parcels of land sold, and on 8 January, 1920, filed a report setting forth that a 10 per cent bid had been offered on the property bid off by J. E. Van Horn, but it was not stated in either of said reports that any security had been given or deposit made by the persons filing said increased bid for the performance of said bid.

"5. Considering the costs of a resale, and the monthly interest accruing upon the indebtedness, and the other facts and circumstances herein set out, I find as a fact that the increased bids are inadequate and ought not to cause a resale, and for these reasons, and also because the purchasers acquired rights in the premises, I make this order confirming each and every of said sales.

"To this order of the clerk confirming the sale, the petitioner excepted and gave notice of appeal to the judge of the Superior Court in which appeal the guardian of the infant defendant subsequently joined. This appeal came on to be heard before Long, judge, at Winston-Salem, N. C., on 8 March, 1920, at which time the said judge was present to hear only motions, the court in all other respects having been adjourned on account of influenza, and upon the hearing thereof and upon the consideration of affidavits of J. C. Brock, the petitioner, G. C. Davis, S. F. Wooten, and J. A. Lancaster, which will be in the record, and the securing of the 20 per cent increased bid, the order of the clerk was reversed and a resale of the aforesaid lots ordered. To which order of Judge Long the said J. E. Van Horn, in open court, excepted and appealed."

*Hamilton & Morris and Manly, Hendren & Womble for appellants.*
*Holton & Holton and R. C. Brock for appellees.*

HOKE, J. It is the generally accepted principle that the highest bidder at a judicial sale is only regarded as a preferred proposer, and

that he has no independent right in the property or the suit until the sale has been reported to the court and confirmed. Thus, in *Harrell v. Blythe,* 140 N. C., 415, it was held that "judicial sales are only conditional, and are not complete until reported to and confirmed by the court, and the bid may be rejected and the sale set aside if, in the exercise of its sound discretion, the court should think proper to do so, and *Walker, J.,* delivering the opinion, further states the position as follows: "When land is sold under a decree of the court, the purchaser acquires no independent right. He is regarded as a mere preferred proposer until confirmation which is the judicial sanction or the acceptance of the court, and, until it is obtained, the bargain is not complete." *Joyner v. Futrell,* 136 N. C., 301, and many other well considered cases are to the same effect. And this "confirmation of the sale" referred to and contemplated by these authorities means confirmation that has been fixed and determined according to the course and practice of the court. And, when an appeal is taken in apt time from the clerk to the judge, the question under our procedure, is open to revision and such further orders and decrees on his part as the right and justice of the case may require, and to be heard and decided by him on the same or such additional evidence as may aid him to correct conclusion in the matter.

It is well understood that the action of the clerk, in approving or setting aside judicial sales, is an appealable order. This has been so held in authoritative cases construing the general statutes regulating appeals from the clerk to the judge. Rev., secs. 610-11-12-13, and the ruling is emphasized and extended by sec. 614, providing that whenever any civil action or special proceeding, begun before the clerk of any Superior Court, shall be, for any ground whatever, sent to the Superior Court, before the judge, the judge shall have jurisdiction, etc., etc. *Taylor v. Carrow,* 156 N. C., 6; *Beckwith, ex parte,* 124 N. C., 111; *McMillan v. McMillan,* 123 N. C., 577; *Lovinier v. Pearce,* 70 N. C., 169.

This being a proceeding to sell land to make assets, in the due administration of an estate and on appeal taken in apt time, it having been made to appear that the property was bid off at an undervalue, that fact confirmed and established by an advanced bid of 20 per cent, in our opinion, his Honor was in the provident exercise of his powers in setting aside the bid made, and ordering a resale. The more recent cases of *Ex parte Garrett,* 174 N. C., 343, and *Upchurch v. Upchurch,* 173 N. C., 88, are decisions construing sec. 2513, regulating sales for partition, and which seem to confer on the purchaser the right of confirmation after 20 days from report of sale filed, and when no objection is made before motion for confirmation entered.

Whether these cases correctly interpret the statute referred to or are in necessary conflict with the principles approved by the Court in *Taylor v. Carrow*, 156 N. C., 6, a decision also on the proper procedure in partition cases is not now before us, the instant case, as stated, being a petition to sell land for assets which comes in this respect under a different statute, permissive in terms, Rev., 723, and thus far governed by the general principles appertaining to judicial sales to which we have heretofore adverted.

We find no error in the record, and the judgment of his Honor is
Affirmed.