Civil action to dissolve an insolvent corporation and to wind up its affairs by the aid of receivers, who duly qualified, sold the property of the corporation under order of court and submitted their report for confirmation.
The plaintiff alleges in his complaint:
"That further, if the property could be sold (as plaintiff believes it can be sold) subject to the lien of the Virginia Trust Company, so that any purchaser could assume such indebtedness under the terms of same, the property, as plaintiff is advised, informed and believes, would bring more, and such purchaser would be relieved of raising so large an amount in cash or otherwise as directed by the court."
Later, the Virginia Trust Company, by petition duly filed in the cause, comes in and sets up:
"That in accordance with the seventh paragraph of the complaint in this receivership action, the said Virginia Trust Company, in making itself a party, does hereby agree and authorize the court, wherein this cause is pending, to enter order accordingly, that a sale of the properties of the Kinston Knitting Company may be had subject to the said Virginia Trust Company's lien herein set forth, and that any purchaser under and by virtue of such sale may have the privilege of assuming the said payment of the Virginia Trust Company's indebtedness herein set up under the terms thereof, but that such sale shall in no wise affect the validity of said indebtedness in said lien, and that the said lien shall be as binding under the purchase of the properties as outlined herein as if the same remained in the hands of the original debtor, the purpose hereof being to enable any purchaser to make bid, and as a *Page 735 
part of said bid to assume the indebtedness set out in this petition, which indebtedness shall remain protected under the said lien herein set forth."
The order of sale provides:
"(1) The said real and personal property shall first be offered for sale freed and cleared from all liens, including the liens held by the Virginia Trust Company, trustee.
"(2) Immediately after the sale, freed from liens, the same said property shall be offered subject to the lien held by the Virginia Trust Company, trustee aforesaid, so that the purchaser thereof shall take the said property burdened with and subject to the said lien aforementioned to the said Virginia Trust Company, trustee. The said receivers shall report to the court both bids hereunder, together with their recommendation as to the bidder or best bid."
The receivers reported that C. Felix Harvey was the last and highest bidder at the sale of the properties of the defendant corporation, and recommended that his bid or bids, made subject to the lien of the Virginia Trust Company, trustee, be accepted and approved.
The defendants, H.E. Moseley, D.L. Oettinger, C. F. Dunn, Myrtie A. Tull, executrix, Lunsford Abbott, administrator, and Lillie T. Oettinger, executrix, duly filed exceptions to the order of sale and objected to the confirmation thereof, alleging in substance:
1. That the property, located at Beaufort, N.C. was sold subject to the lien of the Virginia Trust Company, trustee, of approximately $91,000, and later the property located at Kinston, N.C. was sold subject to this same lien, thus making it impossible for bidders on the Kinston property to bid intelligently or to know the actual amount of their bids.
2. That a sale made in this manner is patently unfair, unjust and inequitable to the unsecured creditors, stockholders and parties interested in the corporation, for that its tendency was to suppress bidding at the sale of the Kinston property, and that said property brought far less than its real value at said sale.
The exceptions of the appealing defendants were overruled by the trial court, after finding that the bid of C. Felix Harvey was a fair and reasonable one, for the properties bid in by him in accordance with the terms of sale; that the sale was fair and open, and that there was nothing before the court to show that a resale would result in a higher bid or bids.
Whereupon it was ordered "that upon compliance by the said purchaser, C. Felix Harvey, with his bids in accordance with the terms of the sale, as fully appear in the order of sale and in the report of sale by the receivers, that the said receivers be, and they are hereby, *Page 736 
authorized, empowered and directed to execute and deliver unto the said purchaser, C. Felix Harvey, a deed in fee simple, subject to the lien held by the Virginia Trust Company, trustee, and referred to in the record, to all the properties covered by his bids, and actually to deliver to him the personal property so purchased, in all respects in accordance with the said order of sale, the report of sale, and this decree."
From this order of confirmation the above-named defendants, first having preserved their objections and exceptions, appeal, assigning errors.
The exceptions filed by the appealing defendants and their objections to a confirmation of the sale made by the receivers evidently presented to the trial court a number of perplexing questions, but in view of his findings and rulings, under settled principles of law, there is nothing left for us to do but affirm the judgment. Perry v. Perry, 179 N.C. 445,102 S.E. 772; Clement v. Ireland, 138 N.C. 136, 50 S.E. 570; 35 C. J., 50.
Of course equity will not omit to see that the rights of the endorsers on the notes held by the Virginia Trust Company, trustee, and others interested in the corporation, are properly protected, but as they are not now before us, we refrain from any discussion of them.
Affirmed.