M. A. McCAULEY, Administrator of M. W. McCauley, v. W. M. McCAULEY.

(Decided May 24, 1898.)

*Clerk of Superior Court—Jurisdictiou—Void Judgment.*

1. A judgment rendered by a Court having no jurisdiction is absolutely void, and any acts or proceedings following it are invalid.

2. A clerk of the Superior Court has no jurisdiction to render a judgment on a report of arbitrators appointed by the Court, in Term, against heirs to whom a decedent conveyed land prior to his death, for the amount of their respective shares of a widow's year's allowance and make payment of such sums a lien on the land, and a judgment so rendered is void.

CIVIL ACTION pending in ORANGE Superior Court and heard before *Robinson, J.,* at Chambers in Durham on 25th January, 1898, on a motion to set aside a judgment

which the clerk of the Court assumed to enter therein against the defendants. The motion was allowed and plaintiff appealed.

*Messrs. J. W. Graham* and *S. M. Gattis* for plaintiff (appellant).
*Messrs. Winston & Fuller* for defendant.

Furches, J.: Matthew McCauley died intestate in the county of Orange, June, 1890, and M. A. McCauley administered on his estate. There being a deficiency of personal assets to pay debts and costs of administration, the administrator instituted a special proceeding in the Superior Court of Orange, before the clerk, for license to sell land for assets. The children and heirs of said intestate answered, admitting that there was not a sufficiency of personal assets to pay debts, but alleged that the said intestate before his death had conveyed all the lands described in plaintiff's complaint to them by separate deeds and in different amounts. But they suggested that said intestate died seized of other lands not mentioned in plaintiff's complaint, of sufficient value to pay the debts and costs of administration, and asked that they should be sold; that upon the coming in of these answers the Court ordered a sale of this piece, not conveyed, under which it was sold, reported to the Court, and sale confirmed. But it did not bring enough to pay the debts and costs, and the clerk transferred the case to the Superior Court Civil Issue Docket for trial; that the case came on for hearing at a succeeding term before Whitaker, J., when it appears that a judgment by consent of plaintiffs and defendants was rendered. In this judgment, it is held that all the lands

122—19

mentioned in plaintiff's complaint are liable for sale for the payment of debts and costs of administration, and that plaintiff have a license to sell the same. An account is ordered for the purpose of ascertaining the amount for which the estate is still liable; also, to ascertain the relative values of the lands conveyed to the defendants by plaintiff's intestate, and the proportionate amount for which each of the grantees would be liable.

It is further stated in this judgment (section 4) that said commissioners (called arbitrators) shall ascertain what amount Nancy McCauley, widow of plaintiff's intestate, is entitled to as a yearly support, and what part of this sum each one of the children should pay.

These commissioners ascertained the balance, necessary to pay debts and costs of administration, to be $224.74, which amount the defendants paid. They found that the widow should have $100 a year for her support, which they proportioned among the defendants, fixing the part to be paid by defendant Williams at $19.74 a year.

This report, it seems, was made to the clerk. The last appearance the case has in court, in term, is the order of Judge Whitaker, spoken of above. Upon the return of this report, John Manning, who had been acting as counsel of the plaintiff, moved for the judgment, when the clerk finds that there has been no exception filed to these parts. and proceeds as follows: "Now, on motion of John Manning, attorney for said administrator and for Nancy McCauley, it is adjudged" (this being the first time that Mrs. McCauley's name appears in the case in any capacity) "that the administrator's accounts are correct, and the report is confirmed as to him; that as the heirs have paid the outstanding claims, a sale of the land is not necessary." He then

proceeds to find the amount for which each one of the children shall be liable for the support of the widow Nancy, to be paid the first of December of each and every year, and fixes the amount of the defendant Williams at $19.74. These sums so charged against the different defendants, he makes a specific lien on the different tracts of land conveyed to them by the intestate Matthew McCauley, and gives judgment therefor. This judgment, the defendant Williams moves to have vacated and stricken from the records, and to have the execution issued thereon recalled and vacated.

This motion is resisted by the plaintiff administrator and W. R. Lloyd, who had become purchasers of a part of defendant Williams' tract of land, under an execution issued by the clerk upon his judgment fixing the defendant Williams with the yearly sum of $19.74 for the support of the widow Nancy. They (the respondents to this motion) say that said judgment is a final judgment, taken according to the regular course and procedure of the Court; that more than one year has elapsed since its rendition, and that the Court has no power to set it aside. And it is almost wonderful to see the number of authorities cited by both sides to support their contention—which shows how dangerous a thing it is to depart from the known and approved way, and to undertake, by new methods and doubtful means, to procure the judicial sanction of the Court. This was was done, we doubt not, in the supposed interest of time and economy. But it has proved not to be in the interest of either, but to be the source of delay, litigation and loss to both sides.

The argument took a much broader range than it was necessary to reach the point upon which the case must turn. There was a great deal said as to whether the

widow Nancy was a party or not; whether the administrator who brought the proceeding was a party when this judgment was rendered.    But the view we take of the case makes it unnecessary for us to say how this was.    We put our judgment on the ground of a want of jurisdiction in the clerk to render such a judgment.

If such a judgment as this could be rendered, it must be done by a court of equity or a court having equitable jurisdiction, when all the parties are properly before it, and not then unless the matters of equity are properly pleaded before the Court.

But the clerk is a court of very limited jurisdiction— only having such jurisdiction as is given it by statute.    It has no common law jurisdiction, nor does it have any equitable jurisdiction.    *Bragg* v. *Lyon*, 93 N. C., 151; *Code*, Sections 1903 and 1904.    The clerk had no power to render a personal judgment against the defendant Williams and declare it a lien on her land. And such a judgment is absolutely void and may be so declared at any time.    Freeman on Judgments, Section 120.    This is bound to be so upon principle.    A judgment rendered by a court having no jurisdiction is no judgment.    It is absolutely void, and any execution issued on it is void, and gives no force or validity to acts of the sheriff done thereunder.

This is so, without calling to the aid of defendants the doctrine of *Green* v. *Ballard*, 116 N. C., 144; *McLeod* v. *Williams*, at this term, and *Moore* v. *Rhea*, at this term—it appearing that the defendant Williams, against whom this judgment was rendered, was a married woman at the time said judgment was rendered, and this appeared of record.

Respondents cited such cases as *Harrison* v. *Hargrove*, 120 N. C., 96; *Sutton* v. *Schonwald*, 86 N. C., 198.

But they are not in point.   There the judgments were not void for want of jurisdiction in the court, but only voidable.   This distinguishes them from the case now before the Court.

There is no error and the judgment is affirmed.

Affirmed.