CLEMENT v. IRELAND.

(Filed April 18, 1905).

*Decree of Confirmation of Sale—Motion to Vacate—Grounds —Final Judgment.*

1.   Where a foreclosure sale was regularly made and report of sale filed on September 1st with the Clerk and a decree of confirmation entered at October Term, defendants being present and resisting the confirmation and giving notice of appeal, which was not perfected, *held,* the decree was regular and final and a motion at a subsequent term to set it aside, was properly denied.

2.   No Judge of the Superior Court has the power to set aside at a subsequent term a decree of confirmation except upon the ground of mistake, inadvertence, surprise or excusable neglect, or for irregularity.

3.   The fact that at the same term at which the decree of confirmation was entered, an order was made permitting additional pleadings to be filed wherein the defendants seek to charge the purchaser with the rents and profits of the land received prior to the sale, does not make the decree any the less final.

ACTION by W. R. Clement and others against H. B. Ireland and wife, heard by *Judge W. R. Allen,* by consent, at WINSTON in March, 1904.

Upon the defendant's motion to set aside a judgment or order of confirmation of sale made in this cause at October Term, 1902, by *Judge W. H .Neal,* the Judge then presiding in the Superior Court of DAVIE County.   From the order of *Judge Allen,* refusing to set aside the decree of confirmation made by *Judge Neal,* the defendants appealed to this Court.

*T. B. Bailey* and *Watson, Buxton & Watson,* for the plaintiffs.

*A. E. Eller* and *E. E. Raper,* for the defendants.

BROWN, J. This cause was before this court at August Term, 1901, and is reported in 129 N. C., at page 220. The appeal then heard was from an order of *Timberlake, J.,* setting aside a decree confirming a foreclosure sale of the land described in the pleadings, which had been made by *Robinson, J.* The decree was set aside and the judgment affirmed by this Court upon the ground of excusable neglect and irregularity. The irregularity consisted in the fact that the sale had been made at the same term of court when it was confirmed, and that sufficient time had not elapsed between the making of the sale and its confirmation. The present Chief Justice, who wrote the opinion, says: "The sale was made at the noon recess of the Court and was immediately reported, and confirmed that afternoon." In analogy to the provisions as to sales for partition, the opinion intimates that as much as twenty days should elapse between making a sale and its confirmation whether it be done under a special proceeding or in a civil action. It appears that under the original decree of foreclosure and in pursuance of subsequent orders in the cause, the commissioners made another sale of the property on September 1st, 1902, after due advertisement, when and where H. W. Fries became the last and highest bidder at $6,000. The commissioners filed their report in the Clerk's office on September 1st, 1902. At Fall Term, 1902, of the Superior Court of DAVIE County, which convened on October 6th, the Judge presiding, *Walter H. Neal,* after a full hearing, at which the defendants appeared and opposed the motion to confirm, entered a decree of confirmation of the sale and ordered title to be executed to the purchaser, H. W. Fries. At the same time he made another order allowing pleas since the last continuance to be filed

wherein the defendants seek to charge H. W. Fries with the rents and profits of the land for the time between the two sales.     From the decree of *Judge Neal,* confirming the sale and directing title to be made, the defendants, being present, prayed an appeal and served due notice thereof.     Nothing was done by the defendants towards perfecting their appeal, but on March 20th, 1903, they served notice on counsel for the executors of H. W. Fries, he having died shortly before that date and his executors having made themselves parties to this suit, of motion to set aside the judgment of *Judge Neal* at October Term, 1902.

We are of opinion that the decree of confirmation entered by *Judge Neal* at October Term, 1902, was final in so far as it perfected title of the purchaser to the property upon payment of the purchase money.     It appears that pursuant to that decree and shortly thereafter the commissioners executed a deed to the purchaser.

It will be observed that the decree of confirmation made by *Judge Robinson* was set aside and the judgment of *Judge Timberlake* affirmed upon entirely different grounds from those presented by this appeal.     A final judgment can be set aside by a motion in the cause upon the grounds of mistake, inadvertence, surprise or excusable neglect, and may be set aside at any time upon the ground of irregularity. *Clement v. Ireland, supra; Carter v. Rountree,* 109 N. C., 29 ; Freeman on Judgments, Section 100.

When the decree of confirmation was entered by *Judge Neal* the defendants were represented, they had their day in court, and being dissatisfied with the decree they appealed to this Court and failed to perfect their appeal.     No Judge of the Superior Court, after the entry of that decree, has the power to set it aside except upon the grounds we have mentioned.     If the confirmation of a sale could be thus prevented and any Judge of the Superior Court could set it aside in his discretion, the confirmation of a sale could

possibly be prevented as often as a resourceful defendant saw proper to file an affidavit.

In speaking of what are final orders and appealable, Black, in his work on Judgments, section 22, says that an order vacating an arrest and an order confirming a sale of land are final orders and appealable.  See also *Fertilizer Co. v. Grubbs,* 114 N. C., 470; *Edwards v .Morpin,* 7 Mackey (D. C.) 39.

In *Roulhac v. Brown,* 87 N. C., 3, it was held that a motion to vacate an order of arrest heard and determined by a Judge of the Superior Court was final and *res judicata* and that the Judge presiding at the next term properly refused to entertain a motion to set it aside.

See also *Smith v. Fort,* 105 N. C., 452.

The confirmation by the Court of an administrator's sale of land has been held to be a final judgment from which an appeal could be taken.  *Tutt v. Boyer,* 51 Mo., 429.

The fact that *Judge Neal* made a subsequent order at the same term permitting additional pleadings to be filed, wherein the defendants seek to subject H. W. Fries for the rents and profits of the land alleged to have been received by him between the two sales, does not make the decree of confirmation any the less final.  "A decree in other respects final, is not rendered interlocutory by a direction therein contained in aid of the execution of the decree requiring the defendants to account concerning certain specified matters." Freeman on Judgments, section 28; *Winthrop v. Meeker,* 109 U. S., 180.

Nothing in this opinion is to be construed as in any way preventing the trial of the issues raised in the supplementary pleadings filed in pursuance of *Judge Neal's* order at Fall Term, 1902, wherein the defendants seek to charge H. W. Fries with certain rents, profits and damages while in possession of the lands described in the pleadings.

The order of *Judge Allen* is affirmed and the cause is remanded to the Superior Court of DAVIE County to be proceeded with according to law.

Affirmed.