JUNIUS DAVIS, RECEIVER, v. T. B. PIERCE AND WIFE, SALLIE E. PIERCE, AND H. E. FAISON, EXECUTOR OF H. W. FAISON, ET AL.

(Filed 21 October, 1914.)

1. Courts—Sale of Lands—Decree of Confirmation—Failure to Pay Purchase Price—Interlocutory Orders—Limitation of Actions.

Where the court confirms a report of the sale of lands, made under its decree, and directs the commissioner appointed for the sale to collect the purchase price and then make conveyance to the purchaser, the decree of confirmation is interlocutory with regard to these further directions; and where the purchaser has entered into possession of the lands without paying the purchase price, he may not avail himself of the bar of the ten years statute of limitations (Revisal, secs. 1424-1425), for his entry was rightful under the decree, and he must show some hostile act of possession on his part to make good his plea.

2. Courts—Judicial Sales—Sales of Lands—Failure to Pay Purchase Price— Motion in Cause—Interlocutory Orders—Interpretation of Statutes.

The remedy to enforce a decree under a judicial sale of land for the collection of the purchase price of the land is by motion in the cause (Revisal, sec. 403), the matter remaining under the control of the court (Revisal, sec. 1524), and in proper instances the court may decree a resale of the land if the purchaser does not pay the price within a specified time—in this case, within sixty days.

3. Appeal and Error—Abstract Questions—Agreements.

In this case the purchaser at a judicial sale of lands having paid the purchase price subsequently to the rendition of an order requiring it, and from which this appeal is taken, and it further appearing from the record that this was done to abide the disposition of the appeal, and if in favor of the appellant, the purchaser, the money is to be refunded, it is held that the appeal does not present an abstract proposition which this Court will not pass upon.

APPEAL by defendant from *Whedbee, J.,* at February Term, 1914, of DUPLIN.

Civil action, heard on motion in this cause.

The motion was to enforce collection of the purchase money for a tract of land bought and held by Sallie E. Pierce, a defendant at a judicial sale under decree in this cause. The sale having taken place in July, 1898, and said purchaser having been since in possession of the land and having paid no part of the purchase money, the relief

sought was resisted chiefly by reason of the ten-year statute of limitations. There was judgment, in effect, that unless the purchase money and interest were paid in sixty days, the commissioners to proceed to resell the lands and report to the court for confirmation, etc.

Defendant Sallie Pierce having duly excepted, appealed to this Court.

*George R. Ward and H. D. Williams for H. E. Faison, executor, appellee.*
*Stevens & Beasley for defendant Sallie Pierce.*

HOKE, J., after stating the case: On the hearing it was properly made to appear that in the above entitled action at February Term, 1898, the land in question was ordered sold under decree in the cause for the purpose of paying certain debts established in favor of M. W. Faison and H. E. Faison, executors of H. W. Faison, against T. B. Pierce, a codefendant; that H. L. Hill was appointed commissioner, and a sale was had in July, 1898, when Sallie E. Pierce, wife of T. B. Pierce, and also a defendant, became the purchaser at the price of $2,300. The sale was reported to the court and was confirmed at August Term, 1898; and the decree further directed, "That the commissioner collect the purchase money and apply the same to the judgment heretofore rendered in favor of the executors of H. W. Faison, and, upon the receipt of this purchase money, make a deed to the purchaser."

The cause was here "dropped from the docket," and remained so until August Term, 1912, when on motion of H. E. Faison, surviving executor, the same was reinstated for the purpose of enforcing collection of the purchase price of the property by a resale. The motion was continued from time to time till February Term, 1914, and it appearing that the purchase price had never been paid, and that Sallie Pierce, the purchaser, was still in possession under her said purchase, a decree was rendered, as stated, that unless the said purchase money was paid in sixty days the commissioner resell the land, etc.

Upon these, the facts chiefly relevant, it was contended for defendant that she was protected by the ten-year statute of limitations, and by reason of same collection of the purchase money could not be enforced. But in our opinion that position cannot be sustained. In *Williams v. McFadyen*, 145 N. C., pp. 156-158, speaking of the double aspect of those decrees in which a judgment is foreclosed for a debt and a sale of specific property is rendered to enforce payment of same, the Court said:

"Our statute of limitations applies to final judgments, or to judgments or decrees which partake of that nature, and was never intended to affect interlocutory judgments, and in a cause still pending. The action to enforce a vendor's lien for unpaid purchase money, where the

vendee, defendant, is in possession under bond for title, is in many of its aspects like a proceeding of foreclosure and. sale to collect a debt secured by mortgage. Where a definite indebtedness is declared, and judgment therefor entered and foreclosed by sale decree, such judgment is final as to the amount of indebtedness so adjudicated, and it is final also for purposes of appeal as to all debated and litigated questions between the parties preceding such a decree; but as to all subsequent questions arising as incident to the sale, the occupation and possession of the property by the parties of record, the collection and distribution of the proceeds, and the like, the decree is interlocutory, and the cause is still pending. *Knight v. Houghtalling,* 94 N. C., 408; *Clement v. Ireland,* 138 N. C., 136; *Null v. Cumming,* 155 N. Y., 309; *Morgan v. Casey,* 73 Ala., 222. This is true in all jurisdictions where the cause in express terms is retained for further orders and decrees, and it is true with us from the force and effect of such a decree, and whether such a feature formally appears or not, for our decisions are to the effect that a decree for absolute sale, without requiring a report to be submitted for further consideration by the court, is irregular and improper, and will be set aside on motion. *Foushee v. Durham,* 84 N. C., 56; *Mebane v. Mebane,* 80 N. C., 34.

"The double aspect of this class of decrees, being final in some respects and in others interlocutory, is recognized in the authority relied upon by the defendant, *McGaskill v. Graham, supra,* where it is said by *Furches, J.*: 'The judgment of $754.93 was a personal judgment, and was final. The judgment foreclosing the mortgage was the exercise of the equitable jurisdiction of the court, and was not what would have been a final decree in equity, and was not so in this case.' And so it is here. The judgment as to the debt is final, and on plea of statute, properly entered, could no longer be enforced as a judgment *in personam* and against other assets of deceased; but, in a proceeding *in rem,* the cause is still pending for the purpose of carrying out the provisions of the decree directing a sale of the property and an application of the proceeds to the satisfaction of the plaintiff's debt. We have it, then, that as to the questions involved in this motion the cause is still pending."

And the principle as noted is in accord with authoritative cases here and in other jurisdictions (*Clement v. Ireland,* 138 N. C., 136; *Knight v. Houghtalling,* 94 N. C., 408; *Lord v. Meroney,* 79 N. C., 14; *Kemp v. Kemp,* 85 N. C., 491; *Ellis v. Hussey,* 66 N. C., 501; *Null v. Conway,* 155 N. Y., 309; *Morgan v. Cassey,* 73 Ala., 222), and is distinctly recognized in our statute affecting foreclosure sales, Revisal, secs. 403, 1524-1525. By section 1524 the purchase money due on judicial sales may be collected by motion in the cause and in sections 403, 1525 it is provided that suits by a purchaser, let into possession under a judicial sale,

confirmed, which are brought to protect the possession from the date of sale, should be under control of the court ordering such sale.

We find nothing in *McGaskill v. McKinnon,* 121 N. C., 192, to which we were cited, that in any way conflicts with this position, and the reference to the contrary as to this case in *Dardin v. Blount,* 126 N. C., 253, was clearly an inadvertence.

The judgment of his Honor to enforce the collection of this debt by resale of the property is further supported by a line of decisions in this jurisdiction to the effect that in executory contracts for the sale of land the statute of limitations will not operate to protect the possession of the purchaser or prevent a sale for the purchase price until the required time has elapsed after a hostile relationship has been established between vendor and vendee, as by a demand and refusal, etc. *Worth v. Wrenn,* 144 N. C., pp. 656-661, citing *Overman v. Jackson,* 104 N. C., 4; *Allen v. Taylor, 96* N. C., 37, and other cases.

In *Worth v. Wrenn, supra,* it was said: "The statute of limitations, when properly pleaded, will bar an action for the debt so as to prevent any judgment *in personam* to be collected out of other property of the debtor; but it will not prevent the appropriation of the property held and occupied under the bond until ten years have elapsed from the time when there has been a demand and refusal. This follows, no doubt, from the principle uniformly held with us, that the occupation of the vendee in such cases is permissive and rightful, and that such occupant is entitled to a demand and reasonable notice before he can be required to surrender the possession. *Allen v. Taylor, supra,* and the authorities therein cited."

We are not inadvertent to the position insisted on by plaintiff, that inasmuch as it has been made to appear that since the judgment in the present case was rendered the defendant Sallie E. Pierce has paid the purchase money, with interest, and has received a deed from the commissioner, and that the questions involved in the appeal have become an abstract proposition which the Court will not determine. The principle referred to is well recognized in proper instances, but on perusal of the record and the facts in evidence we think it clearly appears that the money was paid in to abide the disposition of the appeal, and that if the decision had been in favor of the purchaser the money was to be refunded. We have therefore considered the case upon its merits, and find no error in the judgment.

No error.