A. B. CLEGG v. LAURA CANADY and J. T. CANADY, Her Husband.

(Filed 23 March, 1938.)

1. **Ejectment § 12: Judgments § 11—In action in ejectment judgment may be rendered by default final for want of bond only on a Monday.**

When defendant in an action for the possession of real property fails to file the required bond the clerk is authorized to enter judgment by default final, C. S., 595 (4), on any Monday, but he is without jurisdiction to enter such judgment except on Monday, C. S., 597 (b), and such judgment entered on a Wednesday is properly set aside upon appeal to the presiding judge at term.

2. **Same: Motions § 4—Negotiations, as distinguished from agreement, cannot be held to extend time for hearing of motion.**

Negotiations, as distinguished from agreement of counsel, cannot be held to extend the time to a day other than a Monday for hearing a motion and entering judgment by default final for want of the required bond in an action in ejectment, and the findings of the court in this case *are held* to disclose that no definite agreement of counsel had been made.

3. **Ejectment § 12—**

Defendants' bond in this action for the possession of real property *held* in substantial compliance with C. S., 495, and plaintiff's objection to the form of the bond is untenable.

APPEAL from *Williams, J.,* at January Term, 1938, of LEE. Affirmed.

*K. R. Hoyle for plaintiff, appellant.*
*Gavin & Jackson for defendants, appellees.*

SCHENCK, J. This is an action for the recovery of the possession of a certain tract of land in Deep River Township in the county of Lee, and for damages for the wrongful withholding thereof.

The summons was issued and complaint filed on 27 November, 1937, and service of summons made upon the defendants the same day; answer was filed 10 December, 1937; on 27 December, 1937, the plaintiff filed motion before the clerk to strike out the answer for the reason that no defense bond was filed, and on 21 January, 1938, served notice on the defendants that he would, on Monday, 24 January, 1938, move the court to grant his motion to strike out the answer and for a judgment by default; the hearing was not had upon Monday, 24 January, 1938, but was had by the clerk on the following Tuesday, 25 January, 1938, and the motion to strike out the answer and for judgment by default was allowed on Wednesday, 26 January, 1938; and on Thursday, 27 January, 1938, defendants tendered bond. On 31 January, 1938, de-

fendants gave notice of appeal to the judge at term from the clerk's order striking out the answer and granting judgment by default; the case came on for hearing before the judge presiding at the regular January Term, 1938, of Lee County, and the judge entered judgment vacating and setting aside the order striking out the answer and granting judgment by default entered by the clerk and permitted the defendants to file the defense bond, and from this judgment of the judge the plaintiff appealed to this Court, assigning errors.

The assignment of error relied upon by the appellant is the judge's holding that the clerk was without jurisdiction to enter the judgment on Wednesday, 26 January, 1938.

In his judgment the judge found "that on 21 January, 1938, notice, dated 20 January, 1938, signed by plaintiff and his counsel, was served on defendants, notifying defendants that plaintiff would move before the clerk on Monday, 24 January, 1938, at 10 o'clock a. m. to hear the motion to strike out answer and render judgment by default at such time; that verbal negotiations followed between counsel for plaintiff and defendants as to continuance and hearing said motion at a subsequent time and were initiated by defendants' counsel, and that a misunderstanding arose as to when it should be heard and no agreement of counsel was had in writing; that on Tuesday, 25 January, 1938, counsel for plaintiff moved to strike out answer and for judgment by default, and requested the clerk to hold the judgment then tendered until Wednesday, 26 January, 1938. That said judgment rendered was signed on Wednesday, 26 January, 1938, at the close of business; that the defense bond in the record, justified under date of 25 January, 1938, was left with the clerk at his office for filing on the morning of 27 January, 1938." There was evidence sufficient to sustain these findings.

The clerk was authorized to enter his judgment upon failure of the defendants to file the undertaking required by law, C. S., 595 (4), but he was without jurisdiction to enter such judgment except on Monday. C. S. 597 (b). His judgment was entered upon Wednesday, 26 January, 1938.

Plaintiff, appellant, contends that the time for hearing and entering judgment was extended by agreement of counsel. The defendants contend there was no such agreement. The judgment fails to find that there was such an agreement and finds only "that verbal negotiations followed between counsel for plaintiff and defendants as to the continuance and hearing said motion at a subsequent time, . . . and no agreement of counsel was had in writing." Negotiations, as distinguished from agreement of counsel, did not authorize the clerk to enter the judgment upon a day other than Monday, and for that reason there was no error in the judgment of the judge in vacating the clerk's order

striking out the answer and allowing a judgment by default, entered on a day other than a Monday.

The appellant's exception to the form of the bond filed by the defendants cannot be sustained since, under the allegations of the complaint and answer, it is in substantial compliance with the requirements of C. S., 495.

The judgment of the Superior Court is
Affirmed.