BEAUFORT COUNTY v. J. P. BISHOP AND WIFE, LUCY BISHOP, R. H. BISHOP, ALBEMARLE DRAINAGE DISTRICT, PANTEGO DRAINAGE DISTRICT.

(Filed 27 September, 1939.)

**1. Clerks of Court § 3—**

The jurisdiction of the court of the clerk of the Superior Court is limited to that conferred by statute, and unless otherwise expressly provided the clerk may not enter any judgment except on Monday. Ch. 92, sec. 10, Public Laws of 1921, as amended by ch. 68, Public Laws of 1923. Michie's Code, 597 (b).

**2. Same: Taxation § 40c—Commissioner's deed to purchaser at foreclosure of tax lien conveys no title when clerk's order of confirmation is void.**

In this suit to foreclose the lien for taxes, C. S., 7990, the clerk entered an order confirming the commissioner's sale and directing the commissioner to execute deed, and upon the commissioner's filing a supplementary report later the same month the clerk entered another order of confirmation, both of which orders of confirmation were entered on a day other than Monday. *Held:* The clerk was without jurisdiction to enter the orders of confirmation on a day other than Monday and therefore the orders are void and the deed of the commissioner purporting to be executed thereunder is also void, and confirmation being essential, the tax sale was incomplete and the last and highest bidder remained but a proposed purchaser.

**3. Taxation § 41**—The owners are entitled to redeem lands from the foreclosure of the tax lien under C. S., 7990, at any time before valid confirmation.

In the foreclosure of the tax liens upon the lands in question under C. S., 7990, the clerk's order confirming the commissioner's sale and decreeing that he execute deed was void because entered on a day other than Monday. *Held:* The owners were entitled to redeem the land from the tax sale upon proper tender, and such tender having been made two days prior to the effective date of ch. 107, Public Laws of 1939, relating to the clerk's power to enter certain judgments in actions instituted under C. S., 7990, and ratifying judgments and orders theretofore entered by clerks of Superior Courts in such actions, the effect of this latter statute need not be considered, and the sale being set aside, the authority of the clerk at that time to enter judgment by default final and ordering sale of the lands need not be determined.

APPEAL by plaintiff and H. S. Ward, B. G. Carrowan, D. T. Carrowan and Ethel M. Carrowan from *Carr, J.,* at May Term, 1939, of BEAUFORT.

Civil action to foreclose tax lien under C. S., 7990.

The case was heard below upon motion of defendants J. P. Bishop and R. H. Bishop, mortgagee, and Southern Cotton Oil Company, assignee of R. H. Bishop, mortgagee, to vacate and set aside order for sale of lands described in the complaint and purported decrees confirming report of sale thereof, and for an opportunity to redeem the land from the lien of certain enumerated taxes. The parties, with consent and approval of the clerk, stipulated and agreed that the motion should be heard by the judge presiding at the May Term, 1939, of Superior Court of Beaufort County, and that such judgment as might be entered by him should be treated as the judgment of said clerk of Superior Court affirmed on appeal by the judge presiding.

Thereupon the court, judge presiding, after hearing the parties, finds *inter alia* pertinent uncontroverted facts, substantially these:

This action was instituted 15 November, 1938, for the purpose of enforcing against certain lands in Beaufort County, North Carolina, owned by and listed in the name of J. P. Bishop and wife, Lucy Bishop, the lien of certain enumerated unpaid taxes, duly levied and assessed by and due to plaintiff. At that time there appeared of record a mortgage on said land in favor of R. H. Bishop. J. P. Bishop and wife, Lucy Bishop, and R. H. Bishop, mortgagee, were named defendants and duly and personally served with summons and copy of complaint. When the suit was instituted R. H. Bishop had endorsed the note given to him by J. P. Bishop and secured by the mortgage, and the mortgage to Southern Cotton Oil Company, but the records failed to disclose this fact, and it was not named as defendant nor served with summons.

On Monday, 26 December, 1938, no pleading having been filed by any of the defendants, the clerk of Superior Court of Beaufort County

entered judgment declaring the enumerated taxes to be a first and para-
mount lien against the lands described in the complaint, ordered a sale
of said lands, and appointed W. A. Blount, Jr., commissioner to make
sale after publishing notice of sale as therein prescribed, and to report
same to the clerk for confirmation. After such publication of notice,
and on Monday, 30 January, 1939, at the courthouse door of said county
in Washington, the commissioner offered the land for sale when and
where H. S. Ward became the last and highest bidder for the same at
the price of $439, subject to drainage assessments due Pantego Run
Drainage District, Beaufort County Drainage District No. 14. Com-
missioner made report thereof to the clerk on the day of sale. On 10
February, 1939, the clerk entered decree confirming the sale, and empow-
ering, authorizing and directing the commissioner "to execute title deed
to the purchaser, so reported." Immediately thereafter the commissioner
executed a deed to H. S. Ward, who in turn executed a deed to B. G.
Carrowan, who executed a deed to his brother and sister-in-law, D. T.
Carrowan and wife, Ethel Carrowan, for a part of the land. The only
money which has been paid for the property is the sum of $439 paid to
Blount, commissioner, by H. S. Ward, to whom same was paid by the
Carrowans.

On 21 February, 1939, the commissioner filed a supplemental report
of the sale, "and on that day the clerk made another order or decree or
judgment of confirmation."

J. P. Bishop, the owner of the land, was in possession. Hence, the
purchasers gave notice of a motion for a writ of assistance, returnable
6 March, 1939. The hearing was continued to 13 March, 1939, and on
that date, at request of movants, was continued to be heard at the con-
venience of counsel.

On 13 March, 1939, defendant J. P. Bishop "deposited with the clerk
of Superior Court of Beaufort County the sum of $500.00 to be used in
repaying the purchasers the amounts expended by them for the purchase
of the property and to discharge any liens for taxes against said land
and for any other purpose in order that they might redeem the property
from the sale. The sum so deposited is more than sufficient for such
purposes."

Neither of the decrees of confirmation entered by the clerk in Febru-
ary was on Monday. Nor has there been confirmation of the sale on a
Monday.

Upon such findings of fact, the presiding judge being of opinion "that
there has been no valid sale of the property of defendants, and that there
is only pending before the court an offer of H. S. Ward to purchase
the land," "adjudged and decreed that the decrees or purported decree
of confirmation are invalid or void; that no title passed from Blount,

commissioner, to Ward, or from Ward to B. G. Carrowan, or from B. G. Carrowan to D. T. Carrowan and wife, Ethel Carrowan; that the effect of the payment by Ward to Blount is but a purchase of the tax lien and the costs incurred, and that the sum deposited by the defendants with the clerk be used to pay said taxes now owing to Ward and the Carrowans, the costs of this action and any proper or legitimate expense paid by Ward or the Carrowans in connection with this proceeding, and if there is a surplus after paying said items that the surplus be paid by the clerk to the defendants."

From this judgment, Beaufort County, H. S. Ward, B. G. Carrowan, D. T. Carrowan and Ethel M. Carrowan appeal to Supreme Court, and assign error.

*E. A. Daniel for plaintiff, appellant.*
*Rodman & Rodman for defendants, appellees.*

WINBORNE, J.   Decision on this appeal fairly turns on this question: If it be conceded that the clerk of Superior Court had authority in February, 1939, to enter a judgment confirming sale of land ordered in an action instituted under the provisions of C. S., 7990, may such judgment be entered by the clerk on any day other than Monday?   The statute answers "No."   Public Laws, Extra Session 1921, ch. 92, sec. 10, as amended by Public Laws 1923, ch. 68; Michie's Code, 1935, sec. 597 (b). See *Clegg v. Canady,* 213 N. C., 258, 195 S. E., 770.

In this State the clerk of Superior Court is a court of very limited jurisdiction, having only such jurisdiction as is given by statute.   *McCauley v. McCauley,* 122 N. C., 288, 30 S. E., 344; *Dixon v. Osborne,* 201 N. C., 489, 160 S. E., 579.   The statute conferring on the clerk authority to enter judgments provides in substance that, except as otherwise provided, no judgment shall be entered by the clerk except on Monday.   Public Laws, Extra Session 1921, ch. 92, as amended by Public Laws 1923, ch. 68.   The authority otherwise applies only to judgment of voluntary nonsuits and those entered by consent.   Public Laws 1921, Extra Session 1921, ch. 92, sec. 12 (a) and (b).

In the present case the clerk, by entering two decrees, one on 10 February, 1939, and the other on 21 February, 1939, has undertaken to confirm the sale and to order title made and executed.   The first of these orders was on Friday, and the second on Tuesday.   Therefore, the clerk having undertaken to act at a time when he had no jurisdiction to act, the purported orders of confirmation are void and give no force or validity to the deed of the commissioner purporting to be executed thereunder.   *McCauley v. McCauley, supra.*

This being an action in the nature of an action to foreclose a mortgage, confirmation is essential to the consummation of the sale of the lands by the commissioner appointed and acting under the order of the court. Speaking to this question in *Mebane v. Mebane*, 80 N. C., 34, *Smith, C. J.*, said: "The commissioner acts as agent of the court and must report to it all his doings in execution of its order. The bid is but a proposition to buy, and until accepted and sanctioned by the court, confers no right whatever upon the purchaser. The sale is consummated when that sanction is given and an order for title made and executed." To like effect are numerous decisions of this Court, notably among which are these: *Dula v. Seagle*, 98 N. C., 458, 4 S. E., 549; *Joyner v. Futrell*, 136 N. C., 301, 48 S. E., 649; *Harrell v. Blythe*, 140 N. C., 415, 53 S. E., 232; *Patillo v. Lytle*, 158 N. C., 92, 73 S. E., 200; *Davis v. Pierce*, 167 N. C., 135, 83 S. E., 182; *Upchurch v. Upchurch*, 173 N. C., 88, 91 S. E., 702; *Perry v. Perry*, 179 N. C., 445, 102 S. E., 772; *In re Sermon's Land*, 182 N. C., 122, 108 S. E., 497; *Cherry v. Gilliam*, 195 N. C., 233, 141 S. E., 594; *Davis v. Ins. Co.*, 197 N. C., 617, 150 S. E., 120; *Dixon v. Osborne*, 201 N. C., 489, 160 S. E., 579; *Richmond County v. Simmons*, 209 N. C., 250, 183 S. E., 282; *Bank v. Stone*, 213 N. C., 598, 197 S. E., 132.

In *Harrell v. Blythe, supra*, it is stated: "When land is sold under a decree of court, the purchaser acquires no independent right. He is regarded as a mere preferred proposer until confirmation, which is the judicial sanction or acceptance of the court, and until it is obtained the bargain is not complete."

In *Perry v. Perry, supra, Hoke, J.*, after quoting from several decisions, said: "And this 'confirmation of sale' referred to and contemplated by these authorities means confirmation that has been fixed and determined according to the course and practice of the Court."

In keeping with these authorities, the status of the purchaser on 13 March, 1939, when the defendant J. P. Bishop deposited with the clerk sufficient money to redeem and for the purpose of redeeming the land from the tax lien, was that of a preferred bidder whose bid had not been accepted by the court and who had acquired no independent right. As the sale had not then been confirmed, J. P. Bishop, and those having an interest in the land, had the right, and should have been permitted to redeem the land. Tender of payment by him was made two days before the act of the Legislature, Public Laws 1939, ch. 107, granting the power to clerks of Superior Court to enter judgments by default and subsequent orders and judgments in actions instituted under the provisions of C. S., 7990, for the enforcement of tax liens, and ratifying judgments and orders theretofore rendered by clerks of Superior Court

in such actions, became effective. Hence, it is unnecessary to consider the effect of this act on decrees previously entered by the clerk.

Also, holding that the purported decrees of the clerk entered in February, 1939, on Friday and Tuesday, respectively, are void, we find it unnecessary to consider the subject of the authority of the clerk to enter at that time judgments in actions of this character.

The judgment below is
Affirmed.