Civil action in ejectment and to remove cloud upon title.
Plaintiffs allege: In first cause of action: That they are owners and entitled to possession of two certain tracts of land in Ingrams Township, Johnston County, described in and conveyed by a deed dated 13 March, 1925, duly registered, from J. M. Blackmon and wife, Phereby Blackmon, to the plaintiffs Rosella Keen and Vancy B. Blackmon, and Oza D. Smith, in which life estates are reserved to J. M. Blackmon and Phereby Blackmon, both of whom are now dead; and that by deed dated 1 December, 1938, Oza D. Smith conveyed her interest in said land to the plaintiff Rosella Keen.
In second cause of action: That on 3 December, 1934, defendants N.M. Johnson and wife, Bessie Johnson, executed a deed which is duly recorded and purports to convey said lands in fee to defendant D. T. Parker, who on the same day executed a deed of trust, duly registered, to defendant T. H. Sansem, trustee for defendant N.M. Johnson, trading as Johnson Cotton Company; that said deed and deed of trust are cloud upon the title of the plaintiffs for that they create no estate for longer period than the duration of said life estates.
All defendants except D. T. Parker and wife filed answer and deny title of plaintiffs alleged in the first cause of action, and, while admitting the execution of the deed and deed of trust, as alleged in the second cause of action, deny that same are clouds upon the title of plaintiffs.
And for a further defense to both causes of action alleged in the complaint, defendants aver in substance that: In a special proceeding instituted 24 January, 1928, in Superior Court of Johnston County, entitled "J. M. Blackmon and wife, Phereby E. Blackmon, Rosella (Blackmon) Keen and husband, P. G. Keen, and Vancy B. Blackmon v. Oza D. (Blackmon) Smith and husband, Ira Smith," a petition, *Page 381 
subscribed by Marion Lee, as attorney for petitioners and verified by Vancy. B. Blackmon, was filed alleging that J. M. Blackmon and wife, Phereby, have a life estate and Rosella Blackmon Keen, Oza D. Blackmon Smith and Vancy B. Blackmon, one-third each in and to said land, and praying for partition of said lands into three equal shares; that on 27 February, 1928, an answer subscribed by Parker Martin, as attorneys for defendants, and verified by defendant Oza D. Smith, was filed in which it is averred that said lands cannot be divided without serious injury to all parties, and especially the defendants, and that same should be sold for partition; that if actually divided, the defendants would own only about 16 2/3 acres, which would be subject to the life estate of J. M. Blackmon and wife, Phereby, and would be of practically no value; and a sale would be to the advantage and best interest of all concerned; that on 12 May, 1928, the defendant therein, Oza D. (Blackmon) Smith, filed exceptions to the report of the commissioners appointed to make the partition of the lands described in the petition and prayed the court to set aside division as made and order a re-division, or that the interest of the parties in the lands be sold as prayed for in her original answer; and that on 26 May, 1928, "by consent of all the parties" evidenced by the signatures of J. Ira Lee and Marion Lee, by J. Ira Lee, attorneys for the plaintiffs, naming them, and of James D. Parker, attorney for the defendants, naming them, the clerk of Superior Court entered judgment in said special proceeding in which it is adjudged and decreed:
"1. That the report of commissioners heretofore appointed in this cause to make partition of the remainder interest in the said lands be and the same is hereby set aside.
"2. That J. M. Blackmon is declared the owner in fee simple of the lands described in said petition.
"3. That the said plaintiff J. M. Blackmon is indebted to the plaintiff Vancy B. Blackmon in the sum of $162.46, together with interest on the same at the rate of six per cent per annum from January 12, 1926, and that the same is a specific lien on the lands described in the petition in this cause.
"4. That the plaintiff is indebted to the defendant Ira Smith in the sum of $162.46, together with interest on the same from January 12, 1926, until paid, and that the same is a specific lien on the lands described in the petition in this cause.
"5. That the plaintiff is indebted to the defendant Ira Smith in the further sum of $387.50, together with interest on the same from January 1, 1928, and that the same is a specific lien on the lands described in the petition in this cause, and that $224.00 of said amount is for debt assumed by the plaintiff, J. M. Blackmon, the same being indebtedness due by his said daughter, Rosella B. Keen, over and above the amount which *Page 382 
he has assumed for either one of his other two daughters in consideration of the adjudication herein made that he is the owner of the remainder interest in the lands described in the petition in this cause, which interest was heretofore conveyed to his said daughters, Rosella Blackmon Keen, Vancy B. Blackmon and Oza D. Blackmon Smith, as tenants in common."
6. That J. M. Blackmon shall pay the costs of this action; and
7. That upon certificate by the clerk to the register of deeds the deed from J. M. Blackmon and wife to Rosella Blackmon Keen, Vancy B. Blackmon and Oza D. Blackmon Smith, which is recorded in Book 170, p. 40, "be marked on the margin thereof as set aside and canceled by this judgment."
Defendants further aver "that plaintiffs Rosella Keen and husband, P. G. Keen, and Vancy Belle Blackmon are precluded and estopped from asserting any rights to" the said land, and "plead such estoppel against the plaintiffs." (2) That on 29 August, 1928, pursuant to the consent judgment the register of deeds of Johnston County canceled of record the deed from J. M. Blackmon and wife, Phereby Blackmon, to Rosella Keen, Oza D. Blackmon and Vancy B. Blackmon. (3) That the defendants N.M. Johnson and wife, Bessie Johnson, in defense of the warranty contained in their deed to defendants D. T. Parker and wife, Alice Parker, referred to in plaintiffs' second cause of action, aver that since the rendition of the said consent judgment in said special proceeding title to said lands has passed to them by and through these conveyances: (a) Warranty deed from J. M. Blackmon and wife to M. F. Holly, dated 21 August, 1928, duly registered 5 September, 1928; (b) deed of trust from M. F. Holly and wife to Raleigh Savings Bank 
Trust Co., Trustee, securing note of $1,500 due to Atlantic Joint Stock Land Bank of Raleigh, dated 26 September, 1928, duly registered 26 September, 1928, in Book 230, at p. 4; (c) deed of foreclosure from North Carolina Bank Trust Co., Trustee, successor of the Raleigh Savings Bank 
Trust Company, Trustee, and James P. Lee to Atlantic Joint Stock Land Bank, dated 10 October, 1928, duly registered 31 October, 1932; and (d) deed from Atlantic Joint Stock Land Bank to N.M. Johnson, dated 31 October, 1932, which contains covenants of seizin, of right to convey, against encumbrance, and general warranty — all of which are by reference made a part of the answer.
Plaintiffs in reply admit the averments as to judgment roll in the special proceeding, but deny that they are estopped by the consent judgment therein for that they allege said judgment, as entered, is "void for that the court had no jurisdiction of the matters attempted to be adjudicated and settled in said judgment, particularly paragraph two of said judgment declaring the plaintiff J. M. Blackmon to be owner in fee *Page 383 
simple of the lands described in said petition, as there was no such allegation or admission in the pleadings"; and that there was no allegation or admission in the pleadings upon which to base that part of the judgment providing for cancellation of the deed, and the court was without jurisdiction of the subject matter, and, hence, the judgment with respect thereto is therefore void; and deny that they are estopped by said judgment; and that they were advised by attorneys at the time that said judgment "did not change the status of the property and if the said grantees in said deed from J. M. Blackmon and wife to plaintiffs in this action desired the remainder interest of said property in the said J. M. Blackmon and wife, it would be necessary for them to execute deeds for that purpose, which was never done."
While plaintiffs in reply further admit the entry of cancellation made by the register of deeds as averred by defendants, they deny that such entry has the force and effect of cancellation of the deed, and allege that entry was notice to subsequent purchasers and others dealing with respect to said land that the entry was based upon the said special proceeding and was constructive notice to them that the judgment in said special proceeding is void for lack of jurisdiction; and that in dealing with said property subsequent grantees took the conveyances with notice that J. M. Blackmon and wife, Phereby E. Blackmon, could convey only an estate for the duration of their lives. Plaintiffs further say in reply that the title acquired by N.M. Johnson was only during the lives of J. M. Blackmon and wife, Phereby E. Blackmon.
Upon the trial below it was stipulated that summons in this action, with complaint, was duly served on defendants D. T. Parker and wife on 2 January, 1939, and on other defendants on 5 January, 1939; that J. M. Blackmon is the common source of title asserted by plaintiffs and by defendants to the land in question and that same are the lands described in the various instruments in evidence.
Plaintiffs introduced in evidence records of the deeds referred to in the first cause of action set forth in their complaint, and testimony tending to show that both J. M. Blackmon and his wife, Phereby Blackmon, are dead; and for the purpose of attack: (1) Record of the deed and deed of trust referred to in the second cause of action set forth in their complaint, (2) record of the special proceeding entitled "J. M. Blackmon etal. v. Oza D. Smith," referred to in the answer and in the reply; and (3) record of the entry of cancellation of deed of date 13 March, 1925, from J. M. Blackmon and wife to Rosella Keen, Oza D. Smith and Vancy B. Blackmon.
Defendants, who filed answer, introduced in evidence the judgment roll in said special proceeding and record of said deeds in fee simple form and of said deed of trust purporting to convey the land in question *Page 384 
as averred in the further answer, as follows: (a) Deed from J. M. Blackmon and wife to M. F. Holly; (b) deed of trust from M. F. Holly and wife to Raleigh Savings Bank Trust Co., Trustee, to secure note of $1,500 due Atlantic Joint Stock Land Bank; (c) deed of foreclosure from North Carolina Bank Trust Company, Trustee, successor of Raleigh Savings Bank Trust Company, Trustee, to Atlantic Joint Stock Land Bank; (d) deed from Atlantic Joint Stock Land Bank to N.M. Johnson; and (e) deed from N.M. Johnson and wife to D. T. Parker, dated 3 December, 1934, and duly registered.
Defendant, for the purpose of proving estoppel against Vancy B. Blackmon, then offered: (1) Deed from M. F. Holly and wife to J. M. Blackmon, dated 26 September, 1928, in fee simple form, registered, and purporting to convey the lands in question. Exception. (2) Deed in like form from J. M. Blackmon and wife to Vancy Belle Blackmon dated 1 November, 1928, duly registered, purporting to convey said lands in fee simple, reserving to grantors life estates therein, which deed contains the following provision: "The said Vancy Belle Blackmon, grantee herein, assumes the payment of an amortization mortgage, which was obtained by M. F. Holly and wife, from the Atlantic Joint Stock Land Bank of Raleigh, dated 1 September, 1928, of record in the registry of Johnston County, in Book 230, at page 4, in the sum of $1,500.00, and payable in semi-annual installments of $52.50 each, due on September 1, and March first of each year for a period of 33 years." (3) Mortgage deed from P. G. Keen and wife, Rosella Keen, to Ira C. Smith, dated 12 January, 1926, conveying an undivided 1/3 interest in said lands as security for a note for $387.50, due 1 January, 1937 — Exception — and the marginal record of the mortgage deed showing cancellation by register of deeds upon the original instrument, together with the note secured thereby, marked paid and satisfied by the mortgagee, being exhibited on 29 September, 1928. (4) Mortgage deed from Vancy Belle Blackmon to Ira C. Smith dated 12 January, 1926, duly registered, and conveying 1/3 undivided interest in said lands as security for a note of $165.00, due 1 January, 1927, showing marginal record of cancellation on 28 January, 1938, in the manner last above set forth.
Defendant further offered oral uncontradicted testimony of the witnesses, M. F. Holly and Claude C. Cannady, tending to show that M. F. Holly took title to the lands in controversy from J. M. Blackmon and wife for the sole purpose of obtaining a loan from the Atlantic Joint Stock Land Bank with which "to pay off the then existing indebtedness against said lands"; that he procured the loan of $1,500; that out of the proceeds of the loan Ira Smith was given $596.23, 22 September, 1928, in payment of the mortgage from Rosella Keen and husband to him for $387.50, and judgment against J. M. Blackmon, and $521.81 *Page 385 
was paid to J. W. Sanders in satisfaction of a mortgage from Vancy Belle Blackmon to him; that a few days after securing the loan, M. F. Holly and his wife, who did not profit by the transaction, reconveyed the land to J. M. Blackmon; and that Mrs. Rosella Keen and Vancy B. Blackmon knew what Holly was doing and "approved of his acts in reference to all transactions thereto."
Defendant, having reserved exception to refusal to grant motion for judgment as of nonsuit at the close of plaintiffs' evidence, renewed motion at close of all the evidence. From judgment allowing same, plaintiffs appeal to Supreme Court and assign error.
These are the decisive questions on this appeal:
1. Where it appears upon the face of the record that, in a special proceeding for partition of remainder in land subject to life estates, instituted by some of the remaindermen, including a married woman and her husband, with whom the life tenants join, as petitioners, against the other remaindermen, a married woman and her husband, as defendants, no issue of fact as to the respective interests of the parties being raised by the pleading, the clerk of Superior Court enters a judgment recited to be "by consent of all parties," but only signed by counsel for petitioners, naming them, and by counsel for defendants, naming them, adjudging the life tenant to be the owner in fee simple of the land, charged with the lien of specific sums of money payable to or for the remaindermen, respectively, payment of which the life tenant assumes in consideration of such adjudication, nothing else appearing, is the judgment as a matter of lawres judicata of the rights of the remaindermen in and to the land?
2. In an action for the recovery of land, may estoppel by conduct or inpais be invoked as a matter of defense without special and specific plea?
3. Is the grantee in a deed, who assumes payment of mortgage on the land, estopped to deny the validity of the mortgage? If so, may such estoppel be invoked in an action in ejectment without special plea?
We are of opinion that the first and third questions, as well as the question following the latter, are properly answerable in the affirmative, but that the second should be answered "No."
In an action for the recovery of land plaintiff must rely upon the strength of his own title, and not upon the weakness of that of his adversary. To recover in such action plaintiff must show title good against the world, or good against the defendant by estoppel. Plaintiff must 13-217 *Page 386 
assume the burden of allegation as well as of proof. Mobley v. Griffin,104 N.C. 112, 10 S.E. 142; Rumbough v. Sackett, 141 N.C. 495,54 S.E. 421; Shelly v. Grainger, 204 N.C. 488, 168 S.E. 736; Carsonv. Jenkins, 206 N.C. 475, 174 S.E. 271. See, also, Prevatt v.Harrelson, 132 N.C. 250, 43 S.E. 800; Moore v. Miller, 179 N.C. 396,102 S.E. 627.
A prima facie showing of title may be made by either of several methods. By one of these plaintiff may connect the defendant with a common source of title and show in himself a better title from that source. Mobley v.Griffin, supra.
1. In the present action, it being admitted that both plaintiffs and defendants claim under a common source of title, plaintiffs elect to show in themselves a better title from that source. The controversy in the main involves the question as to the validity of the consent judgment of 26 May, 1928, in the special proceeding for partition of the lands which are the subject of the case in hand.
Defendants assert the validity of that judgment, claim title by virtue of it through mesne conveyances, and plead it as an estoppel in bar of plaintiffs' right to maintain this action.
On the other hand, plaintiffs deny that they are estopped by the judgment and allege by way of attack that the judgment is void for that the court had no jurisdiction of the matters attempted to be adjudicated and settled therein, particularly, (1) wherein, in the absence of allegation or admission in the pleadings, J. M. Blackmon is declared to be the owner in fee simple of the lands described in the petition, (2) wherein there is an attempt to set aside and cancel the deed from J. M. Blackmon and wife to Rosella B. Keen, Vancy B. Blackmon, and Oza D. Blackmon Smith, theretofore registered, for that not only is there an absence of pleading upon which to base same, but that the clerk of Superior Court is without jurisdiction of the subject matter, and (3) for the further reason, as contended in brief filed here, that evidence of compliance with constitutional and statutory requirements for the conveyance of land by married women does not appear in the judgment roll.
In this connection it is noted that plaintiffs in their attack upon the consent judgment do not rely upon or offer evidence tending to show fraud or mistake, nor do they allege or offer evidence tending to show that the attorneys, who consented thereto, were not in fact authorized to act "by consent of all the parties" as therein recited. Hence, the force of plaintiffs' attack is directed to matters appearing upon the face of the judgment roll and judgment, that is, is the judgment in the light of the pleadings void as a matter of law? We do not think so.
It is a settled principle of law in this State that a consent judgment is the contract of the parties entered upon the records with the approval *Page 387 
and sanction of a court of competent jurisdiction, and that such contracts cannot be modified or set aside without the consent of the parties thereto, except for fraud or mistake, and that in order to vacate such judgment an independent action must be instituted. Weaver v. Hampton, 201 N.C. 798,161 S.E. 480; Wilcox v. Wilcox, 36 N.C. 36; Edney v. Edney, 81 N.C. 1;Stump v. Long, 84 N.C. 616; McEachern v. Kerchner, 90 N.C. 177;Vaughan v. Gooch, 92 N.C. 524; Bank v. Comrs., 119 N.C. 214,25 S.E. 966; Henry v. Hilliard, 120 N.C. 479, 27 S.E. 130; Bunn v. Braswell,139 N.C. 135, 51 S.E. 927; Bank v. McEwen, 160 N.C. 414,76 S.E. 222; Simmons v. McCullin, 163 N.C. 409, 79 S.E. 625; Harrisonv. Dill, 169 N.C. 542, 86 S.E. 518; Belcher v. Cobb, 169 N.C. 689,86 S.E. 600; Gardiner v. May, 172 N.C. 192, 89 S.E. 955; Holloway v. Durham,176 N.C. 550, 97 S.E. 486; Morris v. Patterson, 180 N.C. 484,105 S.E. 25; Distributing Co. v. Carraway, 189 N.C. 420, 127 S.E. 427; Bankv. Mitchell, 191 N.C. 190, 131 S.E. 656; Board of Education v. Comrs.,192 N.C. 274, 134 S.E. 852; Ellis v. Ellis, 193 N.C. 216,136 S.E. 350.
The Court has expressed the principle in various forms, among which are these: "A decree by consent is the decree of the parties put on file with the sanction and permission of the court; and in such decrees the parties acting for themselves may provide as to them seems best concerning the subject matter of the litigation." Edney v. Edney, supra.
"Consent judgments are in effect mere contracts of parties, acknowledged in open court in order to be recorded. As such they bind the parties themselves thereto as fully as other judgments." Bank v. Comrs., supra.
Speaking with respect to jurisdiction in such cases, Clark, C. J., inMorris v. Patterson, supra, states that: "It is true that consent cannot confer jurisdiction but when, as in this case, the court had jurisdiction and the parties had power to consent, the judgment is conclusive."
The question then arises as to whether in the proceeding in question the clerk had jurisdiction of the subject matter of the judgment. In some respects, we think so.
In this connection it may be noted that while the primary purpose of special proceedings for partition is the severance of the unity of possession, the parties may put the title in issue, and when they do so, and the title is adjudicated, the judgment is conclusive and binding. In such proceeding when tenancy in common, which is the necessary basis for it, is denied and there is a plea of sole seizin or an issue of title raised, the proceeding in legal effect is converted into an action in ejectment and should be transferred to the civil issue docket for trial upon issue of title. Gibbs v. Higgins, 215 N.C. 201, 1 S.E.2d 554, and cases *Page 388 
cited. In that event, after such transfer, unquestionably the clerk of Superior Court has express statutory authority to sign a consent judgment. The statute provides that the clerk of Superior Court is authorized to enter consent judgments at any time, and such consent judgments so entered become the judgments of the Superior Court. C. S., 593, as amended by Public Laws 1921, Extra Session, ch. 92. Weaver v. Hampton, supra.
On the other hand, it may be said that although in a special proceeding for partition so converted into an action of ejectment, the clerk may have jurisdiction to so sign a consent judgment, the pleadings in the proceedings in question do not raise an issue of title. This is true, but, on the contrary, the judgment in effect put the title in issue and settles it. It is generally held that provisions in judgments and decrees entered by consent of all the parties may be sustained and enforced, though they are outside the issues raised by the pleadings, if the court has general jurisdiction of the matters adjudicated. Annotations 86 A.L.R., 84. And, in this connection, this quotation from opinion by Hoke, J., in Holloway v.Durham, supra, is appropriate: "The decisions of this State have gone for in approval of the principle that a judgment by consent is but a contract between the parties put upon the record with the sanction and approval of the court and would seem to uphold the position that such a judgment may be entered and given effect as to any matters of which the court has general jurisdiction, and this with or without regard to the pleadings," citing cases.
Moreover, in the special proceeding in question it appears that the purpose of the action was the partition among tenants in common of their interest in remainder in certain lands. The petitioning remaindermen sought actual partition. The responding remaindermen contended for a sale for partition. For either purpose the clerk of Superior Court had jurisdiction both of parties and of subject matter. Chapter 63 of Consolidated Statutes of 1919, as amended. An actual partition was ordered by the clerk, but upon the coming in of the report of the commissioners the defendants filed exceptions to report and prayed that the division as made be set aside, and that an order of re-division or for sale of the lands be made. Thereupon, the judgment, "by consent of all the parties," as therein recited, and as hereinabove described, was entered, striking out the report of the commissioners and declaring J. M. Blackmon, one of the life tenants, father of remaindermen, and party to the proceeding, to be owner in fee simple of the lands in question, charged with the lien of specific sums of indebtedness to or for the remaindermen, respectively, payment of which he assumed in consideration of the adjudication of title so made. Though not in accordance with statutory *Page 389 
procedure, the judgment, in the light of the factual setting, in effect confirmed a private sale of the interests in remainder.
That the jurisdiction of the clerk includes the right to authorize private sale of land "has too frequently been decided by this Court to be now open to question." Wooten v. Cunningham, 171 N.C. 123, 88 S.E. 1, and cases cited. While in this State the clerk of Superior Court is a court of very limited jurisdiction, having only such authority as is given by statute, Beaufort County v. Bishop, 216 N.C. 211, 4 S.E.2d 525;McCauley v. McCauley, 122 N.C. 288, 30 S.E. 344; Dixon v. Osborne,201 N.C. 489, 160 S.E. 579, it is settled that the clerk in the exercise of his probate jurisdiction is an independent tribunal of original jurisdiction. Mordecai in his Law Lectures, Vol. 2, p. 490. See Hardy v.Turnage, 204 N.C. 538, 168 S.E. 823, where the Court said: "The performance of a judicial act necessarily implies a court with both jurisdiction and discretion to hear and rule." See Graham v. Floyd,214 N.C. 77, 197 S.E. 873. "A prima facie presumption of rightful jurisdiction arises from the fact that a court of general jurisdiction has acted in the matter." S. v. Adams, 213 N.C. 243, 195 S.E. 822, and cases cited.
However, if it be conceded that here the clerk has signed a judgment with respect to two subjects, the one within and the other without his jurisdiction, the latter will be disregarded. For analogy see Ashe v. Gray,90 N.C. 137; Mfg. Co. v. Barrett, 95 N.C. 36.
Finally, in respect to the consent judgment in question, it being therein recited to be "by consent of all the parties" though signed only by counsel for the parties, the authorities seem to sustain the view that it is presumed that the attorneys had the necessary authority from their clients, and that, nothing else appearing, the judgment is binding upon the parties to the proceeding and those standing in privity to them. Gardinerv. May, supra; Chemical Co. v. Bass, 175 N.C. 426, 95 S.E. 766.
It is stated by Walker, J., in Gardiner v. May, supra, that: "A judgment entered of record, whether in invitum or by consent, is presumed to be regular, and an attorney who consented to it is presumed to have acted in good faith and to have had the necessary authority from his client, and not to have betrayed his confidence or to have sacrificed his right. The law does not presume that a wrong has been done. It would greatly impair the integrity of judgments and destroy the faith of the public in them if the principle were different." And further speaking to the same subject,Walker, J., said: "It is expressly stated in the order that it is made by consent of all the parties. We are bound by the statement as a matter of record." *Page 390 
In Chemical Co. v. Bass, supra, Brown, J., said: "The law presumes the attorneys had the necessary authority and the burden is on the party seeking to set aside a consent judgment to prove that no such authority existed."
2. In the trial of an action for recovery of land, it is competent, under a general denial, to show that any deed offered by a party as evidence of title is void, for the reason that it is executed in the face of a statute prohibiting its execution, or by reason of want of capacity in the grantor, or for fraud in the factum. In truth, in controversies as to title, "evidence impeaching an alleged title deed is always as competent as that sustaining it." Mobley v. Griffin, supra. See, also, Higgins v.Higgins, 212 N.C. 219, 193 S.E. 159; Toler v. French, 213 N.C. 360,196 S.E. 312. But matters in the nature of an estoppel in pais, whether relied upon affirmatively, or by way of defense, must be pleaded. Toler v.French, supra. Hence, in the absence of specific plea, the proof tending to show estoppel by conduct is here unavailing to defendants.
3. It is a well established principle in this jurisdiction that when the grantee in a deed assumes the payment of a debt secured by mortgage or deed of trust on the land conveyed, he thereby becomes the principal debtor,Baber v. Hanie, 163 N.C. 588, 80 S.E. 57, and is estopped to deny that the mortgage or deed of trust is valid. Keller v. Parrish, 196 N.C. 733,147 S.E. 9. Thus, when on 1 November, 1928, in deed from J. M. Blackmon and wife purporting to convey the land in question in fee simple, reserving to themselves life estates therein, Vancy Belle Blackmon, as grantee, assumed the payment of the debt secured by the deed of trust from M. F. Holly and wife to Raleigh Savings Bank Trust Company, Trustee, for the benefit of Atlantic Joint Stock Land Bank, she became the principal debtor, and will not now be heard to challenge the validity of the deed of trust, under foreclosure of which the evidence shows defendants trace their claim of title. And this being an action for the recovery of land, the deed, though not pleaded by way of estoppel, is competent as evidence in derogation of title asserted by Vancy Belle Blackmon.
The judgment below is
Affirmed. *Page 391